STILES, Probasco tenant, *ads.* JACKSON, ex dem. Ten Eyck.

In ejectment, every person is considered as a landlord entitling him to defend, whose title is connected to and consistent with the possession of the occupier.

MOTION to admit *infants* to appear by guardian and enter into the consent rule. The declaration in ejectment in this cause was served on the tenant, who is the step-father of the infants, who claim title to the premises in question, and reside with the tenant on the same. The father of the infants held the premises under a contract of purchase, and since his decease, the title has been conveyed to them by the vendor. The lessor of the plaintiff claims the premises by virtue of a purchase at sheriff's sale, under an execution on a judgment in his favor, against the tenant and his wife, for a debt of the wife whilst sole. The tenant and his wife have been in possession for a number of years, exercising acts of ownership. The lessor alleges the title of the infants to be fraudulent. The tenant refuses to defend.

*W. M. Oliver,* for infants.

*I. Taylor,* for plaintiff, in opposition to the motion, relied on 10 *Johns. R.* 224, 3 *Caines,* 188.

*By the Court*, Savage, Ch. J. The infants are entitled to defend by guardian, as *landlords* of the premises. Every person may be considered as a landlord for this purpose, whose title is connected to and consistent with the possession of the occupier. (*Adams on Eject.* 230. *Burr.* 1290.) And when the lessor in ejectment claims an interest inconsistent with the title of the landlord, the latter may defend.

Motion granted.