AMBROSE BEST, Respondent, v. LEVI ZEH, Individually and as Executor, etc., of JULIA BEST, Deceased, Appellant, Impleaded with Others.

*Action of partition — the validity of a will determined therein — duress — parties thereto — Code of Civil Procedure, §§ 1537-1543.*

Under the provisions of section 1537 of the Code of Civil Procedure the plaintiff, in an action of partition, is permitted to bring into such action a cause of action to set aside the will of the former owner of the property sought to be partitioned, and he can unite with it other causes of action arising out of the same transactions, when the acts which give rise to such other causes of action create liens upon such real estate, if they be not declared invalid.

Where the claim of the plaintiff is that the execution and delivery of a will and of several mortgages given by the testator upon certain real estate, were all procured on one and the same day in pursuance of a scheme fraudulently designed and carried out, by undue and improper influence exercised upon an imbecile, sick and infirm old man, incompetent to manage his affairs, and not understanding the nature of such transactions, for the purpose of securing and appropriating all his property to the use and benefit of the persons exercising such undue and improper influence, equity will intervene to prevent a multiplicity of suits, and having acquired jurisdiction of the action for partition will afford as far as possible complete relief, and determine the conflicting claims to the title or possession of the real property in question.

In an action brought for the partition of real property, not only a person who actually has a lien upon or interest in the property in question, but one who apparently has, or claims to have, a lien or interest in the entire property sought to be partitioned, may be made a party to the action under the provisions of sections 1537 to 1543, inclusive, of the Code of Civil Procedure. The several provisions of such sections indicate an intention on the part of the Legislature to authorize the making of parties to an action for partition of all persons having or claiming to have an interest in or lien upon the real estate in question, and to authorize the hearing and determination of such conflicting interests in such action, so that, when the real estate in question is divided or sold, all clouds upon the title thereof may be removed.

APPEAL by the defendant, Levi Zeh, individually and as executor, etc., of Julia Best, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 11th day of April, 1894, upon the decision of the court rendered at the Columbia Special Term overruling the defendant's demurrer to the complaint, and also from the order entered in said clerk's on the 11th day of April,

1894, overruling the demurrer to the complaint and directing judgment accordingly.

*A. V. S. Cochrane*, for the appellant.

*A. Frank B. Chace* for the respondent.

HERRICK, J.:

The plaintiff in his complaint, by appropriate allegations, in substance alleges that one Henry Best, deceased, was in his lifetime and at the time of his death the owner of several parcels of real estate, which he describes in the complaint, located in the county of Columbia. That on the 3d day of June, 1891, he executed what purported to be his last will and testament, whereby he gave and bequeathed all his property, both real and personal, to his sister, Emma Zeh, wife of the defendant Levi Zeh, and appointed Emma Zeh executrix of said last will and testament.

That the said Henry Best had an aged sister named Julia Best, who on the 6th day of January, 1891, executed her last will and testament, whereby she gave and bequeathed to her sister, the defendant Emma Zeh, all her property, both real and personal, and appointed the defendant Levi Zeh, the husband of the said Emma Zeh, executor of her last will and testament.

It is further alleged that at the time Henry Best executed his last will and testament, and the mortgage hereinafter referred to, the said Julia Best was in feeble health and condition, weak both mentally and physically, and was expected to live but a short time.

The plaintiff further alleges that on the 3d day of June, 1891, and at the same time the last will and testament of Henry Best was signed, he executed and acknowledged several other instruments in writing dated that day, one purporting to be a mortgage of and upon all the real estate described in the complaint to the said Julia Best, and another instrument dated the same day purporting to be a second or subsequent mortgage of and upon all the real estate described in the complaint to the defendant Levi Zeh; the execution of other instruments in writing conveying property is also alleged, but none of them relate to the real estate described in the complaint.

Henry Best died on or about May 9, 1892, and Julia Best on or about June 28, 1892.

The plaintiff further charges that the said Henry Best, at the time of the execution of what purports to be his last will and testament, and what purport to be mortgages as above mentioned, was, and for a considerable time prior thereto had been, an imbecile, aged, infirm, sick, both physically and mentally weak and diseased, of feeble mind, incapable of governing himself or managing his affairs, and by reason thereof incapable and incompetent to make, execute, acknowledge or deliver such instruments, or either or any of them, and that at the time he signed, acknowledged and delivered such several instruments he had not sufficient mind to comprehend and understand the nature of such transactions or the matters connected therewith, and did not understand the same; and that the execution thereof was obtained and procured by fraud, imposition and undue influence; and that the said several mortgages were given by the said Henry Best without any just, valid or legal consideration.

That the said Levi Zeh and Emma Zeh had each of them acquired such an undue influence over the said Henry Best as to exercise entire control of his mind and of his business matters and affairs, and that while he was so enfeebled and weak in body and mind, as above described, he was unduly, fraudulently and improperly influenced by the defendants, Levi Zeh and Emma Zeh, or one of them, or by other persons unknown to the plaintiff, acting for them and in their interest, to make and execute the instruments purporting to be his last will and testament, and purporting to be mortgages.

That neither of such instruments purporting to be mortgages were recorded in the lifetime of Henry Best, but that the existence thereof was fraudulently suppressed and concealed as part of the fraudulent scheme entered into by the defendants, Levi Zeh and Emma Zeh, or others acting for them and in their interest, to obtain by and through such instruments, at the death of Henry Best and Julia Best, the title to all the property of the said Henry Best for the use and enjoyment of the defendants, Levi Zeh and his wife, Emma Zeh.

The complaint then sets forth by name the several heirs of Henry Best, so far as known, and their interests in the property, and asks

that such instrument purporting to be the last will and testament of Henry Best, and the instruments purporting to be mortgages of the real estate described in the complaint, be declared void and invalid and of no effect; that the same be set aside and canceled of record, and asks for judgment directing a partition of the property described in the complaint, and, if no actual partition can be had, that the same be sold and the proceeds divided among the parties interested therein, according to their respective rights and interests.

The defendant Levi Zeh interposed two demurrers, one in his own behalf, and one as executor of the last will and testament of Julia Best, on the grounds that the complaint on the face thereof does not state facts sufficient to constitute a cause of action against the defendant demurring, and that causes of action have been improperly united in the complaint.

As to the second ground of demurrer, that causes of action have been improperly joined, the defendant specifies in substance as follows: That the complaint alleges a cause of action against the heirs at law of Henry Best, deceased, for the partition of real estate owned by him at the time of his death, and alleges an apparent devise of said real estate to the defendant Emma Zeh, and that such apparent devise is void, and that it also contains an alleged cause of action against Levi Zeh, as executor of the last will and testament of Julia Best, deceased, to have a certain bond and mortgage executed by the said Henry Best to the said Julia Best, covering such real estate, declared null and void. It also sets forth an alleged cause of action against Levi Zeh individually, who is not an heir at law of the said Henry Best, deceased, to have a certain bond and mortgage executed by the said Henry Best to Levi Zeh, covering the said real estate, declared null and void.

Said demurrers were each overruled and judgments entered thereon in favor of the plaintiff and against the defendant Levi Zeh. From the judgments so entered the defendant Levi Zeh appeals to this court. I think the judgment should be affirmed.

Under section 1537 of the Code of Civil Procedure "a person claiming to be entitled, as a joint tenant or a tenant in common, by reason of his being an heir of a person who died holding and in possession of real property, may maintain an action for the partition thereof, whether he is in or out of possession, notwithstand-

ing an apparent devise thereof to another by the decedent, and possession under such a devise. But in such an action the plaintiff must allege and establish that the apparent devise is void."

The plaintiff commenced his action in partition by virtue of the provisions of that section, and alleges that the devise of the real estate in question is void.

Except for the provisions of section 1537 his allegations as to the execution of the will would constitute a separate and distinct cause of action, which he would have to maintain before he could have his action in partition. Conceding that his allegation as to the two mortgages, and his demand to have them declared void, to be each separate and distinct causes of action, they arise out of the same transactions as the will.

And being permitted under said section to bring into his action of partition the cause of action to set the will aside, I do not see why he cannot unite with it other causes of action arising out of the same transactions, the acts which give rise to such other causes of action constituting liens upon all the real estate sought to be partitioned, if they are not declared invalid.

To fully establish all the rights that the plaintiff and his co-heirs have in the real estate in question, it is necessary to determine not only the validity of the will, but also the validity of the mortgages, and I do not think the plaintiff should be compelled to bring a separate action upon each instrument.

The claim of the plaintiff is that the execution and delivery of the will and of the several mortgages were all procured in pursuance of a scheme, fraudulently designed and carried out, by undue and improper influence, exercised upon an imbecile, sick and infirm old man, incompetent to manage his affairs, and not understanding the nature of the transactions in question, for the purpose of securing and appropriating all his property to their own use and benefit.

That in effect constitutes one charge and one cause of action, although composed of several distinct and separate acts, and the establishing and maintaining of that one cause of action clears away all the clouds upon the title to this real estate created by the several instruments executed in pursuance of the fraudulent scheme alleged in the complaint.

While the records disclose a devise to only one of the defendants

Zeh, together with a mortgage to that same one, and a separate and distinct mortgage to her husband, thus apparently giving him a separate and distinct interest in such real estate which would constitute a separate and distinct cause of action, yet the allegations of the complaint charge a common interest in the securing and execution of said will and said mortgages in pursuance of a common scheme, so that instead of the defendant Levi Zeh having no interest in the cause of action to set aside the mortgage given to his wife, Emma Zeh, and Emma Zeh having no interest in the proceedings to set aside the mortgage executed to her husband, Levi Zeh, each is, in fact, charged by the complaint with having an interest in and being a party to both mortgages and the will, and of being interested in procuring the execution thereof.

The action is one in equity, and equity tries to prevent a multiplicity of suits, and where the court has once acquired jurisdiction it tries to afford complete relief, even to the determination of conflicting claims to the title or possession of real property. (*Weston* v. *Stoddard*, 137 N. Y. 119–124.)

Here all claims to the possession of or lien upon the property in question by the defendants, Levi Zeh and Emma Zeh, can be determined in this action by an investigation and determination of the truth as to what took place on the 3d day of June, 1891, when Henry Best executed what purports to be his last will and testament, and what purport to be the mortgages executed to Levi Zeh and Emma Zeh. His mental and physical condition at that time, and the influence exerted upon him by said defendants, are the questions in issue, and in the determination of such questions the defendants, Levi Zeh and Emma Zeh, have a common interest. They, in fact, constitute one party to such issues, and the plaintiff and his co-heirs the other party. And for the purpose of clearing the title to the property in question and to prevent a multiplicity of actions, all of such questions should be permitted to be determined in one action.

In addition, it seems to me that the defendant Levi Zeh can be made a party to the action under section 1539 of the Code of Civil Procedure. " That plaintiff may, at his election, make a tenant by the curtesy, for life or for years of the entire property, * * * or a creditor or other person having a lien or interest, which attaches to the entire property, a defendant in the action."

Under that provision of the Code it is my opinion that not only a person who actually has a lien or interest, but one who apparently has or claims to have a lien or interest upon the entire property sought to be partitioned may be made a party.

It seems to me that the several provisions of the Code from 1537 to 1543, inclusive, indicate an intention on the part of the Legislature to authorize all persons having or claiming to have an interest in or lien upon real estate to be made parties to actions in partition, and to authorize the hearing and determination of such conflicting interests in such actions, so that when the real estate involved is divided or sold, all clouds upon the title thereof may be removed and the title thereto settled.

Let the judgment be affirmed, with costs.

PUTNAM, J., concurred; MAYHAM, P. J., concurred in the result.

Judgment affirmed, with costs.