Ella D. Sand, Appellant, *v.* Henrietta Church et al., Respondents.

1. Ejectment against Tenant of Life Tenant — Effect of Re-entry. A judgment in ejectment against one who had no interest in the premises, except as a tenant under a life tenant when the action was commenced, and who had moved from the premises before judgment was rendered, is without legal force or effect, and he is not dispossessed by the writ of assistance or execution issued upon the judgment, nor is the plaintiff in any legal sense placed in possession by virtue thereof, so as to hold adversely to a remainderman while the life tenancy continues.

2. Ejectment against Life Tenant — Effect on Remainderman. Possession acquired under a judgment in ejectment against a life tenant has no effect on the rights of a remainderman.

3. Tenant's Right to Redeem after Ejectment — Limitations. A remainderman who was not a party to an ejectment brought by a landlord against the life tenant to recover the possession of the property for non-payment of rent is not within the six months' Statute of Limitations (2 Rev. St. 506, §§ 33, 34), which limits the tenant's right to redeem, by paying all rent in arrear, with costs, to six months after the landlord has been placed in possession under the ejectment suit.

4. Nature of Action to Redeem from Ejectment. An action by a remainderman to redeem after a default judgment in ejectment by a landlord against a life tenant for non-payment of rent, which is within the spirit and meaning of section 1680 of the Code of Civil Procedure, does not sound in tort, but is equitable in its nature, and can be sustained without any proof of fraud.

*Sand* v. *Church*, 82 Hun, 615, reversed.

(Argued February 3, 1897; decided March 2, 1897.)

APPEAL from a judgment of the General Term of the
Supreme Court in the third judicial department, entered
December 20, 1894, which affirmed a judgment in favor of
defendants entered upon a decision of the court on trial at
Circuit dismissing the complaint upon the merits.

This action was brought to recover the possession of a third
interest in real property in the town of Berne, Albany county,
subject to rent under a manorial lease from Stephen Van
Rensselaer to Johannes Ecker, dated June 20, 1798.

The action was first tried in October, 1892, and at the close
of plaintiff's evidence a motion to nonsuit was granted. The
General Term reversed this judgment and ordered a new trial,
and the present appeal is from a judgment dismissing the
complaint.

*George W. Youmans* for appellant. The plaintiff's objec-
tions to the admission in evidence of the judgment roll in the
case of *Church* v. *Shafer* were well taken, and the ruling of
the court thereon was error. (*Bennett* v. *Leach,* 25 Hun,
178; Code Civ. Pro. §§ 1245, 1246, 1250, 1502; *Bradt* v.
*Church,* 110 N. Y. 537; *S. & S. P. R. Co.* v. *Thacher,* 6
How. Pr. 226; *Stimson* v. *Huggins,* 16 Barb. 658; *Livings-
ton* v. *Rendall,* 59 Barb. 496; *Coates* v. *Smith,* 29 How. Pr.
326; *Leavy* v. *Roberts,* 8 Abb. Pr. 310; *Mehl* v. *Vonderwul-
beke,* 46 N. Y. 539; *Sheridan* v. *Linden,* 81 N. Y. 181; 3 R.
S. [6th ed.] 619, §§ 11, 12.) This action is brought under
authority of the statute, and should be maintained. (Code
Civ. Pro. § 1680; 3 R. S. [3d ed.] 686, § 2; 3 R. S. [5th ed.]
183, § 6; *Newell* v. *Whigham,* 102 N. Y. 20; *Keeler* v. *Keeler,*
102 N. Y. 30; Hermann on Executions, 531–533; *Kings-
dale* v. *Mann,* 6 Wend. 27; 2 Tidd's Pr. 1247.) The execu-
tions or writs of possession were never executed so as to cut off
plaintiff's rights as reversioner under the lease. (*Newell* v.
*Whigham,* 102 N. Y. 28.) A party can redeem from a for-
feiture where the proceedings have been regular, when full
compensation can be made. (*Giles* v. *Austin,* 46 How. Pr.
269; 6 J. & S. 215; *Garner* v. *Hannah,* 6 Duer, 262.) The

fact that the life tenant had a life lease from Church is conclusive that she was never dispossessed, as required by law, to set the six months' statute running against this plaintiff. (*Newell* v. *Whigham*, 102 N.Y. 20; *Keeler* v. *Keeler*, 102 N. Y. 30.) To avoid a deed for champerty under the statute, actual and not constructive adverse possession in another is required. (*Dawley* v. *Brown*, 79 N. Y. 390.) In reviewing a judgment for defendant entered upon a nonsuit, plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence given and to every legitimate inference warranted by the proofs. (*McNally* v. *P. Ins. Co.*, 137 N. Y. 389.)

*Marcus T. Hun* for respondents. The judgments in ejectment in *Church* v. *Shafer* and *Church* v. *Quackenbush* were properly admitted in evidence. (Code Civ. Pro. § 1272.) The plaintiff is not entitled to any relief under section 1680 of the Code of Civil Procedure. (*Bradt* v. *Church*, 39 Hun, 262; 110 N. Y. 537.) The burden of proof in regard to the payment of rents rests upon the tenant. (*Central Bank* v. *Heydorn*, 48 N. Y. 263; *Lyon* v. *Odell*, 65 N. Y. 28; *Tyler* v. *Heidorn*, 46 Barb. 462; *Lyon* v. *Addle*, 63 Barb. 89.) The appellant cannot claim any right to redeem in this case. (*Newell* v. *Whigham*, 102 N. Y. 20.) The deed from Shultes to the plaintiff was void under the Statute of Champerty and Maintenance. (R. S. [8th ed.] 2453, § 147.) The plaintiff, under a complaint claiming a one third interest in the land, cannot recover on proof establishing her ownership of a one-sixth interest therein. (*Smith* v. *Long*, 12 Abb. [N. C.] 113; *Holmes* v. *Seely*, 17 Wend. 75.) Proof of the ownership of a leasehold interest will not sustain a claim of ownership in fee simple. (*Bradt* v. *Church*, 39 Hun, 262; 110 N. Y. 537.) The complaint sounds in tort, and a recovery cannot be sustained thereunder in the absence of proof of fraud. (*Place* v. *Minster*, 65 N. Y. 101; *Degraw* v. *Elmore*, 50 N. Y. 1; *Barnes* v. *Quigley*, 59 N. Y. 265.)

BARTLETT, J. The plaintiff brings this action under the provisions of section 1680 of the Code of Civil Procedure,

which provides that "where a tenant for life or for a term of years suffers judgment to be taken against him by consent or by default in an action of ejectment or action for dower, the heir or person owning the reversion or remainder may, after the determination of the particular estate, maintain an action of ejectment and recover the property."

The plaintiff's complaint is inartificially drawn, yet we agree with the views expressed by the learned presiding justice at the General Term in his dissenting opinion, that while plaintiff avers that she is seized of a one-third interest in the fee of the premises in question, and makes no reference to the Van Rensselaer lease as her original source of title, nevertheless she, by subsequent allegations of the complaint and by her proofs at the trial, clearly recognizes its existence and validity. She expressly avers that all the rent which has accrued upon the premises has been fully paid, with the further allegation that should any rent be found due and in arrear, or any costs or charges legally incurred, properly chargeable against the property, she is ready and willing to pay the same and to perform all agreements which should be carried out by the lessee. The payment of the proper amount could be made a condition to granting relief. The complaint also prays an accounting and for other equitable relief.

While this action is clearly for equitable relief and seeks to redeem the premises from the judgments and defaults suffered by the life tenant, and is not, strictly speaking, in ejectment, yet it is clearly within the spirit and meaning of section 1680 of the Code, which permits the remainderman, after the determination of the life estate, to recover the property.

The grandfather of the plaintiff, Johannes Shafer, was a tenant under the Van Rensselaer lease and died in 1853, leaving one-half of the premises to her father, John W. Shafer, and one-half to her uncle, Adam M. Shafer. These devises were subject to a life estate in Ann Eve Shafer, the widow of the testator's brother. John W. Shafer, the father of the plaintiff, died in 1865, and his one-half of the estate vested in

the plaintiff and her two brothers. This gave her a one-sixth interest.

The history of the other half of the estate is as follows : Adam M. Shafer conveyed to Ann Eve Shafer, the life tenant, his half of the premises on October 29, 1859. Ann Eve Shafer conveyed to George W. Quackenbush the same interest, subject to her life estate, March 26, 1873. Quackenbush conveyed to one Joseph I. Shultes, May 5, 1875. Shultes died in 1887, and devised this interest to his son, Arthur W. Shultes, and in March, 1890, Arthur W. Shultes conveyed to the plaintiff and her two brothers, Ann Eve Shafer, the life tenant, having died in 1889. This vested in plaintiff another one-sixth interest in the estate, making in all her one-third interest, as alleged in the complaint.

It is admitted that the defendant Henrietta Church represents the original lessor interest of Stephen Van Rensselaer. Walter S. Church, in 1879, claims to have exercised the right of a landlord whose rent was unpaid, to bring ejectment against the parties in possession of the premises. (Code of Civil Procedure, § 1502.) At the trial he introduced in evidence two judgment rolls in ejectment, one against Ann Eve Shafer, the life tenant, and the other against said George W. Quackenbush. Both judgments were taken by default on the 8th of May, 1879. Executions were issued thereon and returned December 10th, 1879, whereby it appears that the sheriff delivered possession of the property to the plaintiff on the 9th of September, 1879.

We thus have presented the principal question in this case as to the effect upon plaintiff's rights of these two judgments. The plaintiff claims the lease has not been legally forfeited as to her, but is still outstanding and in force, and that she is entitled to redeem by paying whatever rent and charges are found due.

On the other hand, the defendant Henrietta Church insists that the lease has been forfeited, and that the plaintiff and all others are cut off from any right of redemption.

So far as the judgment against Ann Eve Shafer, the life

tenant, is concerned, it is clear that it has no effect upon the rights of the plaintiff. At the time of its recovery the life tenant was seized only of her life estate, she having conveyed to Quackenbush her half interest in the fee in 1873, as already pointed out.

We are, therefore, to consider the effect of the Quackenbush judgment on plaintiff's rights, as half of her one-third interest in the estate comes down to her from Adam M. Shafer through Quackenbush and his grantees. As before stated, she did not become vested with this interest until March, 1890, and it is insisted that this deed is void under the Statute of Champerty and Maintenance, which provides that " every grant of land shall be absolutely void if, at the time of the delivery thereof, such land shall be in the actual possession of a person claiming under a title adverse to that of the grantor." (4 Revised Statutes [8th ed.], p. 2453, sec. 147; 1 R. S. 739, § 147.)

It is claimed by the respondent that, as Walter S. Church came into possession of this property on September 9th, 1879, under an execution issued to the sheriff of Albany county, in an ejectment suit against Quackenbush, his title is adverse to that of the plaintiff, who claims under Quackenbush. It must be admitted that if Church's re-entry in the ejectment suit against Quackenbush was valid as against the lessee and his successors in interest under the lease, then his possession, at the date of plaintiff's deed in 1890, would be an adverse holding, and render the deed void under the statute.

It appears, however, on the undisputed facts in this case, that such re-entry was not valid as against this plaintiff. It will be borne in mind that the judgment against Quackenbush was entered May 9th, 1879. It is undisputed that Quackenbush conveyed his entire interest in the property to Joseph I. Shultes, May 5th, 1875, four years before Church's ejectment suit was begun. It further appears that, subsequently to this conveyance, Quackenbush was in possession of a portion of the premises under a lease from the life tenant, and remained there until the 1st of April, 1879, when he moved to Schoharie county, where he resided at the time of the trial of this action.

The suit in ejectment against Quackenbush was begun on the 20th of March, 1879. At that time, Quackenbush had no interest in the premises except as a tenant under the life tenant, and when the judgment was entered up, he was not even in that qualified possession of the premises, but had moved away on the 1st of April preceding.

The judgment against Quackenbush was without legal force or effect, as there was no title or interest in him upon which it could operate. This being so, he was not dispossessed by the writ of assistance or execution issued upon that judgment, nor was Church in any legal sense placed in possession by virtue thereof.

It follows from these facts that there was no such possession of Church under the Quackenbush judgment as to constitute an adverse holding and avoid the deed given plaintiff in 1890. The only possession acquired by Church was under the judgment against Ann Eve Shafer, the life tenant, and this had no effect on plaintiff's rights as remainderman. This being so, the plaintiff's right to bring this action, under section 1680 of the Code, seems clear, unless some of the technical objections urged by the learned counsel for the respondents are well taken.

It is insisted that the case of *Bradt* v. *Church* (110 N. Y. 537) is conclusive against plaintiff's right to recover in this action. This was a case where Walter S. Church had become possessed of the landlord's right under one of the Van Rensselaer manorial leases, and had obtained possession under a judgment in ejectment, as in the case at bar. The defendant in the ejectment action was Jeremiah Bradt, the son of the plaintiff William Bradt in the action we are considering, and William Bradt not having been made a party, sought to eject Church on the ground that the judgment in the other action was not binding upon him, and that he was vested with the fee of the premises under a deed of release and quitclaim made in 1863, with prior possession in the grantors from 1850, and this court held that in the absence of proof to the contrary the occupation of plaintiff's grantors was controlled by

the presumption that when the relation of landlord and tenant is once established it attaches to all who may succeed to the possession under the tenant; that plaintiff's deed did not necessarily imply a title hostile to that of the landlord, and in the absence of proof that he brought home to the landlord or his successor in interest, knowledge of his claim to hold adversely, he will be presumed to have entered under the lease, and so he failed to show title superior to that of the defendant.

There is nothing in the doctrine of the case cited' that affects in any way the plaintiff's right to recover in the case at bar, as its facts are entirely different.

Another point taken by the respondents is that the plaintiff is cut off by the six months' Statute of Limitations (2 Rev. St. 506, §§ 33 and 34), which permits the tenant at any time within six months after the landlord has been placed in possession under an ejectment suit, to pay up all rent in arrear, together with the costs, and failing in that, is barred and foreclosed from all relief or remedy in law or equity.

This statute refers to a defendant whose interest is sought to be cut off in an ejectment suit brought by the landlord to recover the possession of the property for the non-payment of rent, and does not refer, in a case where the landlord has only proceeded against the life tenant, to the remainderman, who is entitled to no notice of the action and which is usually conducted without his knowledge.

If any other construction were placed upon this provision of the Revised Statutes, providing a short Statute of Limitations against the defendant in the landlord's action of ejectment, it would render of no force or effect section 1680 of the Code of Civil Procedure, which clearly contemplates that the remainderman shall suffer no damage by reason of the defaults or other acts of the life tenant. It would be most unreasonable to hold that a remainderman, in order to protect his rights during the continuation of a life tenancy that might exist for many years, was obliged at his peril to keep advised as to all actions brought by the landlord against the life tenant and to satisfy the rent in arrear within six months from the rendition

of the judgment.    No such result is contemplated when the provisions of the Revised Statutes and the Code of Civil Procedure are read together.    The short Statute of Limitations has no application to the plaintiff in this action.    Church could have made plaintiff a party under the provisions of the Code of Civil Procedure (§ 1503).

The point made by the respondents, that the complaint sounds in tort, and recovery cannot be sustained thereunder in the absence of proof of fraud, cannot be upheld.    On reading the complaint it is clear that this is not an action to recover damages on account of the alleged fraud of the defendants, but is, as we have before intimated, an equitable action to redeem these premises.    The other points not discussed have been examined.

The judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.