SAND v. CHURCH et al.

(Supreme Court, Appellate Division, Third Department.    July 6, 1898.)

1. EJECTMENT—PARTIES—INTERVENTION—MORTGAGEES.
    Under Code Civ. Proc. § 452, providing that a person not a party, but
    who has an interest in the subject-matter of the action, or in real property
    the title to which may in any manner be affected by the judgment, may
    come in and be made party, a mortgagee of defendant in ejectment, hold-
    ing a judgment of foreclosure of the land, may come in and defend title.

2. COSTS—PERSONS LIABLE—REAL PARTY IN INTEREST.
    Where a mortgagee holding a judgment of foreclosure defended the
    mortgagor's title in an action of ejectment without becoming a party, he
    is liable for subsequently accrued costs, in the event of a judgment against
    defendant, as being the real party in interest.

3. SAME.
    Where one who was entitled to be made party of record omitted to have
    that done, and by defending in the name of another became liable for
    costs as the real party in interest, the refusal of the nominal defendant to
    permit him to continue such defense or to take an appeal does not relieve
    him of such liability.

Appeal from special term, Albany county.

Ejectment by Ella D. Sand against Henrietta Church and another.
The Mutual Life Insurance Company of New York defended in the
name of defendants, and, on judgment for plaintiff, an order was en-
tered directing the company, as the real party in interest, to pay
costs, and it appealed.    Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Edward Lyman Short and Frederick L. Allen, for appellant.
Stedman & Stedman and George W. Stedman, for respondent.

MERWIN, J.    This action, with two others by different plaintiffs,
was commenced on May 10, 1890, against Walter S. Church and Jo-
seph Drum, to recover the possession of a farm of 177 acres, in the
town of Bern, then being in the possession of Church, who claimed
to be the owner thereof, Drum being his tenant.    An undivided one-
third was claimed in each action.    Church died on December 7, 1890,
and the defendant Henrietta, having succeeded to his interest, was
on 3d March, 1891, substituted as defendant in his place.    After
three trials and several appeals, including an appeal to the court of
appeals (152 N. Y. 174, 46 N. E. 609), judgments were recovered by
the plaintiffs, and entered on November 6, 1897.    It was adjudged
that the plaintiffs were the owners of the premises, and entitled to
the immediate possession, subject to a perpetual lease made by Ste-
phen Van Rensselaer and Johannes Ecker, June 14, 1798, and the
rent to accrue thereon from January 1, 1897, and the amount of the
arrears of rent, which was due to the defendant Church, and which
the plaintiffs were required to pay for the redemption of the prem-
ises, was fixed.    The plaintiffs, after the return unsatisfied of exe-
cutions issued against the defendants upon the judgments, made a
motion to offset the amount of rent in arrear against the costs re-
covered by the plaintiffs, and that the appellant be required to pay

the balance of the costs, it being alleged that the actions were in fact defended by the appellant for its own benefit. The order appealed from was the result of this motion.

Prior to the commencement of the actions, and on the 23d July, 1887, Walter S. Church, then being in possession and claiming to be the owner of the premises, gave to the appellant, the Mutual Life Insurance Company, a mortgage on these and other lands as security for a loan of $30,000. Default being made in the payments, an action of foreclosure was commenced by the company on the 26th May, 1892. Judgment therein was entered on 30th August, 1892, under which a sale was made on the 27th October, 1892, and the premises struck off to one Ketchum for the sum of $5,000, 10 per cent. of which was paid to the officer making the sale. The sale, as it seems, was never perfected, but the proceeding suspended to await the final result in the pending actions. In the moving papers of the plaintiff, it is stated the company put the purchaser in possession of the land, but this is denied by the company. At the sale the plaintiffs gave notice of the pendency of their actions and of their claim that Church when he gave the mortgage did not own the premises. On the part of the company it was stated that the title was considered good, and that the purchaser would not have to pay unless he got a good title. The sale was shortly after the first trial, at which the plaintiff in the Sand Case had been nonsuited.

From the papers before the special term it had a right to find that from the time of the sale up to the final judgments, in November, 1897, the company, in the name and with the consent of the defendants in the actions, conducted the litigation for its own benefit. It could not consummate the sale and obtain its proceeds until those actions were finally determined against the plaintiffs therein. It assumed, as between it and the purchaser, the burden of establishing, if it could, the ownership by Church of the premises when he gave the mortgage.

It is claimed upon the part of the respondents that the insurance company, after the sale and pending its completion, was entitled, upon its application under section 452, Code Civ. Proc., to have been brought in as a party defendant, and that, therefore, a case is presented for the application of the doctrine laid down in Trust Co. v. Kursch, 5 N. Y. 558, and Perrigo v. Dowdall, 25 Hun, 234, that when a person, not a defendant on the record, to whom the statute gives the opportunity of defending, avails himself of the opportunity by defending in the name of the party sued without himself asking to be brought in, he is liable for costs in case of failure, provided they cannot be collected of the defendant on the record. The Kursch Case was an action of ejectment, and the defendant's grantor, with warranty, had defended without being made a party, although entitled to become so under 2 Rev. St. pp. 341, 342, § 17. The Perrigo Case was an action of trespass upon real estate, and the defendant set up title in his landlord. The latter defended without causing himself to be made a party defendant, as he might have done, as it was held, under section 452, Code Civ. Proc.

Section 452, so far as applicable here, is as follows:

"And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

There was a similar provision in the Code of Procedure (section 122, as amended in 1851), except that it was not imperative. In the Revised Statutes (2 Rev. St. pp. 341, 342, § 17), as well as in the prior laws (1 Rev. Laws 1813, p. 443, § 30; Laws 1788, c. 36, § 30), the right was given to a landlord to come in and defend an action of ejectment against his tenant. Under these laws, it was held that a mortgagee out of possession might be let in to defend, the same as the landlord. Jackson v. Babcock, 17 Johns. 112; Grah. Prac. (2d Ed.) 831. In Stiles v. Jackson, 1 Wend. 316, it was held that in ejectment every person is considered as a landlord, entitling him to defend, whose title is connected to, and consistent with, the possession of the occupier.

The provision of the Revised Statutes above referred to was repealed in 1880 upon the adoption of the second part of the Code of Civil Procedure. By section 1503, as then enacted, it was provided that, in an action to recover the possession of real property, any person claiming title to, or the right of possession of, the property, as landlord or otherwise, adversely to the plaintiff, might be joined as defendant. This was not imperative (Bradt v. Church, 110 N. Y. 542, 18 N. E. 357), and therefore it would seem that the right of the landlord, or one in his position, to come in and defend such action, must depend on whether section 452 is applicable to such a case. That provision is general, and no good reason is apparent why the privilege of the landlord which had existed for nearly a century should be abrogated.

One of the objects of section 452 was to provide for the determination of the entire controversy in one adjudication. Derham v. Lee, 87 N. Y. 599, 604. The last clause of the section applies to all actions, whether legal or equitable. Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982. In the latter case it was held that, in action of replevin against a sheriff for chattels levied on by him upon an execution against Salomon & Wolf, the latter had a right to be made parties defendant, under section 452. The title of the debtors was said to be involved, and they had an interest in having the property go in discharge of their own debt. The right in that case to come in and defend did not seem to depend on the question whether the party desiring to come in would be bound by an adjudication against the defendant, in regard to the subject in which he had an interest. The debtors in that case were not in privity with the sheriff, and a judgment against the sheriff alone would not be conclusive on the rights of the judgment debtors. 2 Van Fleet, Former Adj. § 554. In the Perrigo Case, supra, the landlord was held to have had a right to come in, although he would not have been bound by the judgment against the tenant. Masten v. Olcott, 101 N. Y. 152, 160, 4 N. E. 274. See, also, Rosenberg v. Flack (Sup.) 10 N. Y. Supp. 759. Within the logic of the Rosenberg and Perrigo Cases, the company had, I think, an interest in the subject of the actions, within the

provision of section 452. If the plaintiffs, under a judgment against Church and Drum, obtained possession of the property, the interest of the appellant would be affected.

Upon the perfection of the foreclosure sale, the defendants in the plaintiffs' actions would cease to have any interest in the property. They had no interest in the proceeds of the sale, as there would be a deficiency, and they were not liable for the deficiency, so far as it appears. They, as well as the estate of the mortgagor, were insolvent. The company, for the purpose of realizing upon the sale, took charge of the litigation in the name of the defendants. The rights of the mortgagee and of the purchaser on the foreclosure sale were as of the date of the mortgage, and they might have waited for an assertion or defense of their rights in a separate proceeding. The pending litigation, however, presented an opportunity for a more immediate determination of the plaintiffs' claims. This opportunity the company took advantage of for its own benefit. Instead of testing its rights by other legal methods, it availed itself of this.

The fact, as claimed by the appellant, that there was no agreement between it and the defendants by which it agreed to pay any costs that might be adjudged against them, would not, I think, affect the plaintiffs' rights; nor would the fact that the defendants declined to allow the company to further defend in their names. The plaintiffs were not responsible for such refusal, and the company, in proceeding without any application to the court to be made a party defendant, took the chances of such refusal.

The costs charged to the appellant did not, as it may be inferred, exceed those incurred after the foreclosure sale, and while the appellant had charge of the defense. The case is somewhat different from the Kursch and Perrigo Cases, but in principle is analogous, and the doctrine there enunciated furnishes support to the action here of the special term. See, also, Bourdon v. Martin, 84 Hun, 179, 32 N. Y. Supp. 441.

The order should be affirmed. Order affirmed, with $10 costs and disbursements. All concur.