BIGLOW v. BIGLOW et al.

(Supreme Court, Appellate Division, Third Department.   March 8, 1899.)

1. ADVERSE POSSESSION—TENANT.
    Possession of one entering as tenant cannot be adverse to the land-
    lords, they having no knowledge that she claimed adversely.
2. DEED—LAND IN ANOTHER'S POSSESSION.
    1 Rev. St. pt. 2, p. 739, c. 1, tit. 2, § 147, declaring a grant void, if at
    the time of its delivery the land is in possession of one claiming under
    a title adverse to the grantor, has no application where the one in pos-
    session makes no claim under any special title.
3. SAME—DELIVERY.
    A deed which is witnessed is presumed to have been delivered at its
    date, though acknowledged afterwards.
4. PARTITION.
    Possession of another, which is not adverse, is no bar to an action of
    partition.
5. REFERENCE—WAIVER OF OBJECTION.
    One who consented to a reference cannot, on appeal, claim that the case
    was not referable.
6. EVIDENCE—DEED.
    A deed, though not acknowledged, is admissible in evidence, there
    being a subscribing witness, who, as well as the grantor, is dead; their
    handwriting being proved.

Appeal from judgment on report of referee.

Action by Martha A. Biglow against Harriet Biglow and Louisa
Wooster, impleaded with others, for partition. An interlocutory
judgment of sale was ordered, from which said two defendants ap-
peal, with notice of intention to bring up for review on such appeal
the order referring the case.   Affirmed.

In the complaint it is alleged that the plaintiff and the defendant John C.
Biglow are each seised in fee and in possession, and entitled to the possession,
of an undivided one-half interest, as tenants in common, in and to certain
real estate;   that the defendants Harriet Biglow and Louisa Wooster are
tenants of said premises, and claim to have some right, title, or interest in
said property adverse to that of the plaintiff, the exact nature of which is
unknown to the plaintiff, and which is a cloud upon the title, and that said
defendants are now residing upon the premises, and wrongfully refuse to
remove therefrom;   that any interest which said defendants claim in the
premises has accrued, if at all, subsequent to the interest of the plaintiff and
said John C. Biglow;   that the premises are so situated that actual partition
cannot be made without prejudice to the rights of the owners.   Judgment is
demanded that the rights and interests of all the parties to the action be
ascertained and determined;   that the defendants Louisa Wooster and Harriet
Biglow be adjudged to have no interest in the property;   that a partition be
made, or a sale and division of the proceeds between the parties, according
to their respective rights.   The defendants Louisa Wooster and Harriet Big-
low answered, denying the allegations of the complaint, and averring that
they were the owners in fee of the premises, and that the plaintiff or her
husband, Joseph Biglow, was never in possession or owner.   They also al-
leged adverse possession for 25 years.   The other defendants did not answer.
By stipulation the action was referred to a named referee to hear and de-
termine, and report to the court.   The referee found, among other things,
that the plaintiff and the defendant John C. Biglow were each the owner of
an undivided one-half of the premises;   that the answering defendants · had
no interest in the property, and were not entitled to the possession;   that
their possession was subordinate to the title of said plaintiff and John C.
Biglow, and not hostile or adverse to them;   that plaintiff was entitled to
judgment accordingly, and to a sale of the property free from any claim of

said defendants. Upon application at special term, the report of the referee was confirmed, and an interlocutory judgment of sale ordered. from which the appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

W. H. Dunn, for appellants.
John H. Booth, for respondent.

MERWIN, J. It is conceded that on the 20th April, 1866, Angelina Moore became the owner of the property in question, consisting of a house and a small lot. At that date she, with her husband, Samuel M. Moore, conveyed the same by warranty deed to John C. Biglow and Joseph Biglow. The plaintiff was the wife of Joseph Biglow, and claims to have acquired his interest in the property by virtue of a deed from him to F. H. Murray, under date of March 19, 1867, witnessed, but not acknowledged or recorded, and a deed from Murray to the plaintiff, March 15, 1892. Joseph Biglow died in 1896. Some time in the year 1867 Ruby Biglow, the mother of the grantees, John C. and Joseph, and of the appellants, moved into the house upon the premises, and remained there till her death, in 1892, and since then the appellants have occupied the premises. They claim under the will of Ruby Biglow. The referee finds that Ruby Biglow entered into possession as the tenant of John C. and Joseph Biglow. This finding is, we think, sustained by the evidence, and is fatal to the claim of the appellants, that they have title by adverse possession. Code Civ. Proc. §§ 368–373; Whiting v. Edmunds, 94 N. Y. 309.

But it is said that the deed to plaintiff was void under the statute that provides that every grant of lands shall be absolutely void, if at the time of its delivery the land is in the actual possession of a person claiming under a title adverse to the grantor. 1 Rev. St. pt. 2, p. 739, c. 1, tit. 2, § 147; Laws 1896, c. 547, § 225. This statute, however, does not apply, as Ruby Biglow made no claim under any specific title. Arents v. Railroad Co., 156 N. Y. 1, 50 N. E. 422. The deed to plaintiff bears date prior to the death of Ruby Biglow, and, being witnessed, it is presumed to have been delivered at its date, although it was not acknowledged until afterwards. People v. Snyder, 41 N. Y. 397, 402.

It is further, in substance, claimed that, by reason of the possession of appellants, the plaintiff cannot maintain partition. In Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, it was held that under section 1532, relating to actions of partition, a present right of possession was sufficient, and that an adverse possession by a co-tenant, if it had not existed long enough to extinguish the plaintiff's title, would not prevent the maintenance of the action. An occupation by another than the owner is deemed to be under and in subordination to the legal title, unless there is an adverse possession for 20 years. Code, § 368. In the present case the referee found that the possession of the appellants and their predecessor in interest was never adverse to the title of the plaintiff. There was evidence pointing to that conclusion. Upon sufficient evidence it was found that

the entry of Ruby Biglow was as tenant under John C. and Joseph, and it did not appear that any claim by her or by appellants that they held or claimed adversely was ever brought home to the knowledge of the plaintiff or her predecessors in interest. Sand v. Church, 152 N. Y. 174, 181, 46 N. E. 609.

The appellants cannot, we think, justly complain of the form of the action or of the method of trial. They consented to a reference, and cannot now say that the case was not referable. The provisions of sections 1537–1543 of the Code have been construed to mean that all parties having or claiming to have an interest in real estate may be made parties to an action of partition, and that all controversies as to the title may be disposed of in the action. Best v. Zeh, 82 Hun, 232, 31 N. Y. Supp. 230, affirmed 146 N. Y. 363, 41 N. E. 88; Weston v. Stoddard, supra; 1 Fiero, Spec. Act. (2d Ed.) 176.

We find no valid exception to rulings on evidence. The deed from Joseph Biglow to Murray was not acknowledged, but there was a subscribing witness. He as well as the grantor was dead. The handwriting of each was proved. This was sufficient to admit the deed in evidence. No error is apparent in excluding the question to the witness John C. Biglow,—whether, in receiving the deed from Angelina Moore, he was acting in the capacity of executor of his father's estate. What the transaction in fact was, was allowed to be shown.

No good reason is apparent for reversing the judgment, and it should be affirmed.

Judgment affirmed, with costs. All concur.