MARTHA A. BIGLOW, Respondent, *v.* HARRIET BIGLOW and LOUISA WOOSTER, Appellants, Impleaded with Others.

*Adverse possession — it must, to make a deed void, be under a claim of specific title — when it does not prevent an action for partition — proof of a deed where the grantor and witness are dead — presumption as to the delivery of a deed at its date — effect of a consent to a reference.*

The Statute of Champerty (R. S. pt. 2, chap. 1, tit. 2, art. 4, § 147; Laws of 1896, chap. 547, § 225), rendering void a deed delivered while the land is in the actual possession of an adverse claimant, does not apply where the adverse claimant does not claim under a specific title.

Where both the grantor in an unacknowledged deed and the subscribing witness thereto are dead, proof of the handwriting of each of them is sufficient to warrant the admission of the deed in evidence.

A deed which is witnessed will be presumed to have been delivered at its date, although it was not acknowledged until later.

*Semble,* that the adverse possession of premises will not prevent the maintenance of an action to partition the same unless such adverse possession has continued long enough to extinguish the plaintiff's title.

Defendants, in an action of partition, who consent to a reference, cannot, on an appeal from the judgment entered upon the referee's report, be heard to say that the action was not referable.

APPEAL by the defendants, Harriet Biglow and Louisa Wooster, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 18th day of July, 1898, upon the report of a referee, with notice of an intention to bring up for review upon such appeal an order made at the Clinton Trial Term, bearing date the 14th day of

April, 1898, and entered in said clerk's office, referring the issues in the case to a referee to hear and determine.

In the complaint it is alleged that the plaintiff and the defendant John C. Biglow are each seized in fee and in possession and entitled to the possession of an undivided one-half interest, as tenants in common, in and to certain real estate; that the defendants Harriet. Biglow and Louisa Wooster are tenants of said premises and claim to have some right, title or interest in said property adverse to that of the plaintiff, the exact nature of which is unknown to the plaintiff and which is a cloud upon the title, and that said defendants are now residing upon the premises and wrongfully refuse to remove therefrom; that any interest which said defendants claim in the premises has accrued, if at all, subsequent to the interest of the plaintiff and said John C. Biglow; that the premises are so situated that actual partition cannot be made without prejudice to the rights of the owners. Judgment is demanded that the rights and interests of all the parties to the action be ascertained and determined; that the defendants Louisa Wooster and Harriet Biglow be adjudged to have no interest in the property; that a partition be made, or a sale and division of the proceeds between the parties, according to their respective rights.

The defendants Louisa Wooster and Harriet Biglow answered, denying the allegations of the complaint, and averring that they were the owners in fee of the premises, and that the plaintiff or her husband, Joseph Biglow, was never in possession or owner. They also alleged adverse possession for twenty-five years.

The other defendants did not answer. By stipulation, the action was referred to a named referee to hear and determine and report to the court. The referee found, among other things, that the plaintiff and the defendant John C. Biglow were each the owner of an undivided one-half of the premises; that the answering defendants had no interest in the property and were not entitled to the possession; that their possession was subordinate to the title of said plaintiff and John C. Biglow, and not hostile or adverse to them; that plaintiff was entitled to judgment accordingly, and to a sale of the property free from any claim of said defendants. Upon application at Special Term, the report of the referee was confirmed, and an interlocutory judgment of sale ordered, from which the appeal is taken.

*W. H. Dunn*, for the appellants.

*John H. Booth*, for the respondent.

MERWIN, J.:

It is conceded that, on the 20th of April, 1866, Angelina Moore became the owner of the property in question, consisting of a house and a small lot. At that date, she, with her husband, Samuel M. Moore, conveyed the same by warranty deed to John C. Biglow and Joseph Biglow. The plaintiff was the wife of Joseph Biglow, and claims to have acquired his interest in the property by virtue of a deed from him to F. H. Murray, under date of March 19, 1867,. witnessed, but not acknowledged or recorded, and a deed from Murray to the plaintiff, March 15, 1892. Joseph Biglow died in 1896. Some time in the year 1867, Ruby Biglow, the mother of the grantees, John C. and Joseph and of the appellants, moved into the house upon the premises and remained there till her death in 1892, and since then the appellants have occupied the premises. They claim under the will of Ruby Biglow.

The referee finds that Ruby Biglow entered into possession as the tenant of John C. and Joseph Biglow. This finding is, we think, sustained by the evidence, and is fatal to the claim of the appellants that they have title by adverse possession. (Code Civ. Proc. §§ 368,. 373 ; *Whiting* v. *Edmunds*, 94 N. Y. 309.)

But it is said that the deed to plaintiff was void under the statute that provides that every grant of lands shall be absolutely void if, at the time of its delivery, the land is in the actual possession of a person claiming under a title adverse to the grantor. (R. S. pt. 2, chap. 1, tit. 2, art. 4, § 147 ; Laws of 1896, chap. 547, § 225.) This statute, however, does not apply, as Ruby Biglow made no claim under any specific title. (*Arents* v. *The Long Island R. R. Co.*, 156 N. Y. 1.) The deed to plaintiff bears date prior to the death of Ruby Biglow, and, being witnessed, it is presumed to have been delivered at its date, although it was not acknowledged until afterward. (*People* v. *Snyder*, 41 N. Y. 397, 402.)

It is further, in substance, claimed that, by reason of the possession of appellants, the plaintiff cannot maintain partition. In *Weston* v. *Stoddard* (137 N. Y. 119) it was held that, under section

1532, relating to actions of partition, a present right of possession was sufficient, and that an adverse possession by a co-tenant, if it had not existed long enough to extinguish the plaintiff's title, would not prevent the maintenance of the action. An occupation by another than the owner is deemed to be under and in subordination to the legal title, unless there is an adverse possession for twenty years. (Code Civ. Proc. § 368.)

In the present case, the referee found that the possession of the appellants and their predecessor in interest was never adverse to the title of the plaintiff. There was evidence pointing to that conclusion. Upon sufficient evidence, it was found that the entry of Ruby Biglow was as tenant under John C. and Joseph, and it did not appear that any claim by her, or by appellants, that they held or claimed adversely, was ever brought home to the knowledge of the plaintiff or her predecessors in interest. (*Sand* v. *Church*, 152 N. Y. 174, 181.)

The appellants cannot, we think, justly complain of the form of the action or of the method of trial. They consented to a reference and cannot now say that the case was not referable. The provisions of sections 1537 to 1543 of the Code of Civil Procedure have been construed to mean that all parties having or claiming to have an interest in real estate may be made parties to an action of partition, and that all controversies as to the title may be disposed of in the action. (*Best* v. *Zeh*, 82 Hun, 232; affd., 146 N. Y. 363; *Weston* v. *Stoddard, supra;* 1 Fiero Spec. Act. [2d ed.] 176.)

We find no valid exception to rulings on evidence. The deed from Joseph Biglow to Murray was not acknowledged, but there was a subscribing witness. He, as well as the grantor, was dead. The handwriting of each was proved. This was sufficient to admit the deed in evidence. No error is apparent in excluding the question to the witness John C. Biglow whether, in receiving the deed from Angelina Moore, he was acting in the capacity of executor of his father's estate. What the transaction in fact was was allowed to be shown.

No good reason is apparent for reversing the judgment, and it should be affirmed.

All concurred.

Judgment affirmed, with costs.