(48 App. Div. 371.)

BENDER et al. v. TERWILLIGER et al.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. PARTITION—POSSESSION.
   Actual possession is not necessary to enable one to maintain partition, under Code Civ. Proc. § 1532, authorizing partition "where * * * persons hold and are in possession of real estate as joint tenants or as tenants in common."

2. SAME—PARTIES—ADMINISTRATOR.
   The administrator is properly made a defendant in a suit for partition brought by one of the heirs of intestate within three years after the issuance of letters of administration.

3. SAME—TENANT BY THE CURTESY.
   Under Code Civ. Proc. § 1539, authorizing plaintiff in partition to make a tenant by the curtesy a defendant, one claiming to be such a tenant may be made a defendant.

4. BURDEN OF PROOF—CHILD BORN ALIVE.
   In an action involving the title to real estate, one claiming through a child is bound to prove that the child was born alive.

5. OPENING AND CLOSING CASE—WAIVER.
   Though on the pleadings defendant has the right to open and close the case, he waives it by omitting to claim the right before the close of the evidence.

6. SAME.
   Plaintiff, having been put to his proof to maintain his action affirmatively, has the right to close the case to the jury, though by uncontradicted evidence and admissions made during the trial there is at the close of the evidence but a single question on conflicting evidence left for the jury to pass on, and on that question alone defendant has the burden of proof.
   Smith, J., dissenting.

Appeal from trial term, Fulton county.

Action by Charles H. Bender and wife against R. Watson Terwilliger, individually and as administrator of Lizzie M. Terwilliger, deceased, and others. From a judgment for plaintiffs, defendant Terwilliger appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, and SMITH, JJ.

Andrew J. Nellis, for appellant.
Scherer & Downs (J. Murray Downs, of counsel), for respondents.

HERRICK, J. Section 1532 of the Code of Civil Procedure provides that:

"Where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common, in which either of them has an estate of inheritance, or for life, or for years, any one or more of them may maintain an action for the partition of the property, according to the respective rights of the persons interested therein; and for a sale thereof, if it appears

that a partition thereof cannot be made without great prejudice to the owners."

The possession of real property therein referred to does not mean an actual physical possession, but that possession which follows the title. "A constructive possession, such as the law draws to the title, is sufficient for the maintenance of the action." Wainman v. Hampton, 110 N. Y. 429–433, 18 N. E. 235. "What is here meant is not a strict pedis possessio, but a present right to the possession." Weston v. Stoddard, 137 N. Y. 119–128, 33 N. E. 65, 20 L. R. A. 631. The plaintiff in his complaint alleges the possession and ownership in fee of the premises in question by one Lizzie M. Terwilliger; her death while such owner and possessor; that she left no issue her surviving; neither was any born to her in her lifetime; and that the plaintiff and others, specified as defendants, being brothers and sisters, are her only heirs at law and next of kin her surviving. These allegations are sufficient to show the plaintiff to be a joint tenant of an estate of inheritance, and, if proved, are sufficient to enable him to maintain his action, without showing actual physical possession of any part of the premises in question. The complaint also alleges that the said Lizzie M. Terwilliger died intestate on the 20th day of February, 1899, and that letters of administration upon her estate were duly granted to R. Watson Terwilliger, her husband, on the 14th day of March, 1899. The action was brought in May, 1899, and, being less than three years from the time when such letters of administration were issued, the defendant R. Watson Terwilliger was properly made a party as administrator, under section 1538 of the Code of Civil Procedure.

Whatever doubt there may be as to the propriety of R. Watson Terwilliger being also made a party individually is removed by his answer, which asserts that he is a tenant by the curtesy of, and entitled to the possession and enjoyment during his life of, the entire real estate described in the complaint. Under section 1539 of the Code of Civil Procedure, the plaintiff in a partition action may, at his election, make a tenant by the curtesy of the entire property a defendant in the action. This means, I think, not only one who is actually a tenant by the curtesy, but one who claims to be a tenant by the curtesy. Best v. Zeh, 82 Hun, 232–238, 31 N. Y. Supp. 230, affirmed in 146 N. Y. 363, 41 N. E. 88. In this case, while the complaint may not sufficiently show reasons for making the defendant R. Watson Terwilliger a party to the action, his answer alleges facts sufficient to show the propriety, if not the necessity, of his being made such a party, and the claim he asserts in and to the real estate, and the issue raised by him, is one that can be properly tried in an action of partition. Best v. Zeh, 82 Hun, 232, 31 N. Y. Supp. 230; Biglow v. Biglow, 39 App. Div. 103, 56 N. Y. Supp. 794; Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624; Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555.

It must be obvious, I think, that, when the statute provides that a tenant by the curtesy may be made a party defendant in an action of partition, one who claims to be a tenant by the curtesy may

also be made a party, and that a plaintiff making such person a defendant does not necessarily admit the validity of such claim, and it would be folly to suppose that provision should be made for making persons parties to actions without any power in the courts to thereafter determine their real interest in the subject-matter of such action. "It has always been held as a general rule in equity that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are to be made parties to it, so that there may be a complete decree, which shall bind them all." Caldwell v. Taggart, 4 Pet. 190, 7 L. Ed. 828. "In carrying out that rule, it sometimes happens that a plaintiff knows the fact that a third person claims an interest in the subject-matter of the action, but does not know the nature, extent, or merits of the claim, which cannot, nevertheless, be entirely ignored without peril to the completeness of the remedy sought. In such an emergency the facts may be stated, the claimant be called in as a party, and required to disclose his alleged interest. * * * The relief of a sale could only be complete and effective by the ability to give a clear title. That result could only be reached by bringing the claimants into court, and calling upon them to disclose their interest or disclaim its existence." Townsend v. Bogert, 126 N. Y. 370–375, 27 N. E. 556. "In recent works on practice of high authority, section 1543 has been construed as abrogating the rule which prevented a recovery by a disseised contestant, and providing for the trial and determination in the partition action of all issues involving the title and right of possession of any of the parties. We perceive no good reason for questioning the soundness of this contention. Circuity of procedure and a multiplicity of suits are thereby avoided, and these were the primary objects which systems of practice had in view." Weston v. Stoddard, 137 N. Y. 128, 33 N. E. 65, 20 L. R. A. 630. The court, having jurisdiction, and all the parties being before it, will determine all their rights and interests in one action, in order to prevent a multiplicity of suits, to clear the title, and give the purchaser of the property possession thereof free and clear of all incumbrances. I think, therefore, that the defendant R. Watson Terwilliger was properly a defendant, both as administrator and individually, and the defendant's claim to be a tenant by the curtesy could be litigated and determined in this action.

There are only two questions presented by the trial that require consideration here. At the close of the testimony in the case, the defendant moved for a dismissal of the proceedings upon various grounds. The court said it would reserve its decision of such motion, and submit to the jury the question, "Was there, in 1893, born to Lizzie M. Terwilliger a living child?" The defendant thereupon claimed the right to the closing argument upon the question to be submitted to the jury. The court said "that the plaintiffs had the affirmative, so far as the trial of the case goes, upon all the issues." The defendant's counsel then said he was content. At the close of the principal charge of the court, the defendant asked the court to charge "that the burden of proving that the child was not born alive was upon the plaintiffs." The court refused so to charge, and

charged "that the burden of proving that the child was born alive was upon the defendant." The defendant excepted to the refusal to charge as requested and the charge as made. After the jury had retired, the defendant asked the court to permit him to withdraw the statement that he was content with the court's ruling that the plaintiffs had the affirmative of the issue, saying that he understood from what the court said that it would hold, as a matter of law, that the plaintiffs had the burden of the sole issue presented to the jury, to which the court said: "I said that the plaintiffs had the affirmative of every proposition that was raised. The complaint and answer would indicate where the plaintiffs stood. The issues would show whether they had the affirmative." The defendant then excepted to the ruling denying to the defendant the closing argument to the jury. I think the trial court was correct in charging that the burden of proving that the child was born alive was upon the defendant. It was admitted that Lizzie M. Terwilliger was at the time of her death the owner in fee and seised and in possession of the real estate in question. It was also admitted that she left neither father nor mother, nor any children, her surviving, and it was further admitted that the plaintiff was her only brother, the defendant Margaret Van Allen her only sister, and the defendant Ernest B. La Grange the only nephew of a deceased sister, and that she left no other brothers, sisters, nephews, or nieces her surviving. This evidence, by admission, shows title in the plaintiff as joint tenant with the defendants Margaret Van Allen and Ernest B. La Grange, which together with the constructive possession, which, as we have heretofore seen, follows the title, was sufficient to enable him to maintain his action. The defendant R. Watson Terwilliger asserted his right, not in hostility to the title shown by the plaintiffs, but in hostility to the plaintiffs' right to the possession, and it was incumbent upon him to establish the right so claimed. His right depended upon the question as to whether the child was born alive, and the burden of proving that fact was upon him. A person who claims property through a child is bound to prove that it was born alive. Marsellis v. Thalhimer, 2 Paige, 35.

This brings us, then, to the question raised by the appellant as to his right to the closing argument before the jury. Undoubtedly, the right to open and close the case belongs to the party having the affirmative of the issue,—the one upon whom rests the burden of proving the case. Ordinarily, of course, that right belongs to the plaintiff, but the defendant may deprive him of it by admitting everything that it is necessary for the plaintiff to prove to maintain his cause of action; but if there is anything left for the plaintiff to prove, no matter how little, his right to open and close the case is absolute. Bank v. Judson, 122 N. Y. 278, 25 N. E. 367. It may be that, under the pleadings in this case, the defendant was entitled to the affirmative of the issue, but the conduct of the trial relieves us from determining that question. The rights of opening and closing a case, I think, go together, and the defendant, if he desired to avail himself of his alleged rights, should have claimed it at the first opportunity. At the beginning of the trial he did not

assert or claim the right to open the case. The plaintiff introduced evidence to sustain his complaint, and introduced evidence tending to prove that no issue had been born alive to the appellant Terwilliger and his wife. He assumed the burden of the affirmative of the case all through, without objection. At the close of the plaintiff's evidence, the appellant claimed that he had not made out his case, and moved for a dismissal of the action upon the ground that the facts proved were insufficient to constitute a cause of action. In other words, the plaintiff was forced all through to affirmatively prove and maintain his cause of action. No claim was made by the defendant of his right to hold the affirmative until the evidence of both sides was in, and the case was about to be submitted to the jury. Then for the first time the question was raised as to who had the right to close the case to the jury.

The question as to where the burden of proof rested, upon the question as to whether there was issue born alive to the appellant and his wife, was first raised by a request made by the appellant Terwilliger, at the close of the main charge of the court to the jury, to charge that the burden of proof upon that question rested upon the plaintiff. Under these circumstances, if the defendant had upon the pleadings the right to open and close the case, I think he waived it by omitting to claim the right before the close of the evidence, thus throwing upon the plaintiff the actual burden of the trial. The party desiring to close the case to the jury should take the affirmative of the case upon the presentation of the evidence as well, and not seek to derive all the benefits of a defensive position all through the case, including a disclosure of his adversary's entire case upon the evidence before he is called upon to answer it, and then, at the last moment, demand the right to change his attitude from the defensive to the offensive, and close the case upon the argument. The fact that, by uncontradicted evidence and admissions made during the trial, there is at the close of the evidence but a single question upon conflicting evidence left for the jury to pass upon, and that upon that question alone the defendant has the burden of proof resting upon him, makes no difference. The plaintiff has been put to his proof to maintain his action affirmatively, and has had to take the brunt and labor of the trial, and he cannot be deprived of the right that accompanies, and in part, perhaps, compensates for bearing that burden. If the defendant desired the privilege of closing the case, he should, by his answer, or by admissions made before the case was opened to the jury, relieve the plaintiff of the burden of trial, by limiting the issues to be tried to the only question he really finally contested. I think the court committed no error in refusing his request at the stage of the trial when it was made.

I see no error in the trial calling for a reversal, and the judgment should therefore be affirmed, with costs. All concur, except PARKER, P. J., in result, and SMITH, J., dissenting.