Byron J. Strough, Appellant, *v.* George Wilder, Impleaded, etc., Respondent.

The possession of a deed by the grantee is *prima facie* evidence of delivery, when there is nothing to impeach the *bona fides* of his possession.

In an action for partition, plaintiff claimed title, under deeds, from the heirs of S. W., who died intestate. The defendant G. W., a son of the deceased, claimed under a deed from her, which was neither acknowledged nor its execution attested by a subscribing witness; its execution was proved by two witnesses who were present at the time, and no attempt was made to show that her signature thereto was not genuine. The fact of delivery was not directly proved, but defendant produced the deed and proved that it was drawn by a scrivener, pursuant to the directions of the grantor. Two witnesses testified to declarations of S. W., to the effect that she intended G. W. to have the premises described in the deed, and, that from the time of its execution until S. W.'s death, several years thereafter, it was in the custody of G. W. It also appeared that G. W. rented the premises to others, paid taxes and made repairs, and *during his mother's life, after the deed had been executed, exercised such control* over the property as usually attends ownership. *Held,* the testimony justified a finding that the deed was executed and delivered.

Also *held,* that plaintiff was not a "purchaser" within the provision of the Revised Statutes (1 R. S. 738, § 137), which declares that an unacknowledged and unattested deed "shall not take effect as against a purchaser or incumbrancer until so acknowledged;" that the title under the deed was good, as between the parties, and also, against her heirs or one claiming from them, as the grantor, on her death, was neither seized nor had she any title to the land in question, and the heirs took and could convey nothing.

An heir who takes by descent is not a purchaser in the eye of the law and does not hold the estate descended by purchase.

The word "purchaser," in said statute, means one who derives title by purchase from the grantor in the unacknowledged and unattested deed, or from one who, himself, is either mediately or immediately a purchaser from such grantor.

Reported below, 49 Hun, 405.

(Argued February 28, 1890 ; decided March 11, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 2, 1888, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

This was an action for the partition of real estate.

The material facts are stated in the opinion.

*Wayland F. Ford* for appellant. By express statute, the deed, not being acknowledged, and having no subscribing witness thereto, is of no effect against the plaintiff. (3 R. S. 2194; *Chamberlain* v. *Spragur*, 86 N. Y. 605; 22 Hun, 437; *Roggen* v. *Avery*, 63 Barb. 65; 65 N.Y. 592; Kent's Comm. 450; *Genter* v. *Morrison*, 31 Barb. 158; *Elsey* v. *Metcalf*, 1 Den. 323; 1 R. S. 148, 150.) The referee finds that the occupancy of George Wilder was under said deed, and that the occupancy was adverse. (*Jackson ex dem.* v. *Stevens*, 16 Johns. 116; *Jackson ex dem.* v. *Sears*, 10 id. 436; *Kellogg* v. *Kellogg*, 6 Barb. 128; *Jackson ex dem.* v. *Johnson*, 5 Cow. 74; *Doe* v. *Thompson*, Id. 371; *Jackson* v. *Britton*, 4 Wend. 507; *Reformed Church* v. *Schoolcraft*, 5 Lans. 206; *Cook* v. *Jarvis*, 20 N. Y. 400; *Stevens* v. *Hauser*, 39 id. 302; *Miller* v. *Downing*, 54 id. 631; *East Hampton* v. *Kirk*, 68 id. 465; *Bedell* v. *Shaw*, 59 id. 46, 50; *Howard* v. *Howard*, 17 Barb. 667; *Miller* v. *L. I. R. R. Co.*, 71 N. Y. 386; *Thompson* v. *Burhans*, 61 id. 52; *Helton* v. *Bender*, 60 id. 79; *Smith* v. *Burtis*, 9 Johns. 174; *Livingston* v. *P. I. Co.*, 9 Wend. 516; Code, § 370; *Burhans* v. *Van Zandt*, 7 N. Y. 527; *Bliss* v. *Johnson*, 94 id. 242; *Varick* v. *Eden*, 2 Wend. 167.) As to the statement in the opinion of the General Term that the purchaser mentioned in the statute is limited to a purchaser from the grantor, and would not embrace a purchase from an heir, the case of *Roggen* v. *Avery* is an authority that the power of disposition retained by the grantor is a property right and interest in the land, for in that case the right passed to a devisee under the designation of "all my property." (4 R. S. [8th ed.] 2469; *Chamberlain* v. *Spragur*, 86 N. Y. 608.) The exceptions were well taken. The questions and answers involved personal transactions between the witness and his deceased mother, and were incompetent under section 829 of the Code. (*Holcomb* v. *Holcomb*, 94 N. Y. 317; 95 id. 316; *Grey* v. *Grey*, 47 id. 554; *Johnson* v. *Spies*, 5 Hun, 468; *Jacques* v. *Carle*, 7 id. 676; *Chaffee* v. *Goddard*, 42 id. 147; *Pease* v. *Barnett*, 30 id. 525; *Boughton* v. *Bogardus*, 35 id. 199; *Stewart* v. *Patterson*, 37 id. 113; *Campbell* v.

*Hubbard,* 38 id. 306; *Smith* v. *Smith,* 40 id. 401; *Resseguie* v. *Mason,* 58 Barb. 89; *Chadwick* v. *Fonner,* 69 N. Y. 404, 407, 409; *Pinney* v. *Orth,* 88 id. 447; *Adams* v. *Morrison,* 113 id. 152; *Mills* v. *Davis,* Id. 243; *In re Eysenase,* Id. 62.) The plaintiff is entitled to maintain the action of partition. (Code Civ. Pro. §§ 1532, 1543, 1544; *Beebe* v. *Griffin,* 14 N. Y. 238; *Howell* v. *Mills,* 7 Lans. 195; *Brownell* v. *Brownell,* 19 Wend. 369; *Weinman* v. *Hampton,* 20 · Wkly. Dig. 68; *Hitchcock* v. *Skinner,* Hoff. Ch. 21; *Sisson* v. *Cummings,* 106 N. Y. 50; *Culver* v. *Rhoades,* 87 id. 348; *Zeller's Lessee* v. *Eckert,* 4 How. [U. S.] 295; *Barr* v. *Gratz,* 4 Wheat. 213; *McClung* v. *Ross,* 5 id. 124; *Challefoux* v. *Ducharme,* 8 Wis. 287; *Long* v. *Mast,* 11 Penn. St. 189; *Bennett* v. *Bullock,* 35 id. 364; *Hall* v. *Stevens,* 9 Metc. 418; *Kathan* v. *Rockwell,* 16 Hun, 91; *Jackson* v. *Tibbitts,* 9 Cow. 252; 4 Kent's Comm. 368; *Wilkins* v. *Wilkins,* 1 Johns. Ch. 111; *Carr* v. *Smith,* 4 id. 271; *Burhans* v. *Burhans,* 2 Barb. Ch. 398.) The evidence will not warrant the finding of any delivery of the instrument by Susannah Wilder to George Wilder. (*Ford* v. *James,* 2 Abb. Ct. App. Dec. 159; *Best* v. *Brown,* 25 Hun, 224; *Brackett* v. *Barney,* 28 N. Y. 340; *Knowles* v. *Barnhart,* 71 id. 474; *Stewart* v. *Stewart,* 50 Wis. 445; *Genter* v. *Morrison,* 31 Barb. 158; *Elsey* v. *Metcalf,* 1 Den. 323; *Wilsey* v. *Dennis,* 44 Barb. 354; *Hibbard* v. *Smith,* 67 Cal. 547; *Roberts* v. *Jackson,* 1 Wend. 478; *Fitzgerald* v. *Goff,* 99 Ind. 28; *Stillwell* v. *Hubbard,* 20 Wend. 47; *Graves* v. *Dudley,* 20 N. Y. 76; *Jackson ex dem.* v. *Sharp,* 9 Johns. 167; *Brandt* v. *Ogden,* 1 id. 156; *Jackson* v. *Baird,* 4 id. 230.)

*Watson M. Rogers* for respondent. A delivery may be inferred from very slight circumstances, even where the instrument is left in possession of the grantor. (*Bunn* v. *Winthrop,* 1 Johns. Ch. 329; *Souverbye* v. *Arden,* Id. 240; Perry on Trusts, § 103; *Scrugham* v. *Wood,* 15 Wend. 545.) Acceptance will be presumed from the beneficial nature of the grant. (*Jackson* v. *Bodle,* 20 John. 184; *Church* v. *Gil-*

*man*, 15 Wend. 656.) The deed, though unacknowledged, was good and effectual to pass title as between the parties to it. ( *Wood* v. *Chapin*, 13 N. Y. 509, 514; 4 R. S. [8th ed.] 2451, § 137; *Jackson* v. *La Frombois*, 8 Cow. 589; *Briggs* v. *Prosser*, 14 Wend. 227; *Hooper* v. *A. W. Works*, 44 Hun, 568–573; *Abrams* v. *Rhoner*, Id. 507–510; *Sands* v. *Hughes*, 53 N. Y. 287–296; *Reformed Church* v. *Schoolcraft*, 65 id. 133–144; *Bradstreet* v. *Clark*, 12 Wend. 603–675; *Jackson* v. *Norton*, 18 Johns. 355–362; *Wooley* v. *Morss*, 19 Hun, 275; 2 R. S. [8th ed.] 2453; 18 Johns. 355; *Hilton* v. *Bender*, 4 T. & C. 270; *Claff* v. *Bromagham*, 9 Cow. 530; *Bogardus* v. *Trinity Church*, 4 Sandf. Ch. 739; *Munro* v. *Merchant*, 28 N. Y. 9; *Pearce* v. *Moore*, 114 id. 256; *Becker* v. *Van Valkenburg*, 29 Barb. 319; *Ottinger* v. *Strasburger*, 33 Hun, 466–470.) The acts of the defendant were open and notorious. (*Christie* v. *Gage*, 2 T. & C. 344; 71 N. Y. 186; 116 id. 34; 18 Johns. 355.) This action is barred by the Statute of Limitations. (Code, § 365; *Munro* v. *Merchant*, 28 N. Y. 9; *Sands* v. *Hughes*, 53 id. 287–296; *R. Church* v. *Schoolcraft*, 65 id. 133–144.) The deeds to the plaintiff by persons out of possession were absolutely void. (4 R. S. [8th ed.] 2453, § 147; *Christie* v. *Gage*, 2 T. & C. 344; *Pearce* v. *Moore*, 114 N. Y. 256.) The plaintiff's original entry in April, 1884, was a bald, naked trespass without color or claim of right. (*Sullivan* v. *Sullivan*, 66 N. Y. 37; *Florence* v. *Hopkins*, 46 id. 182; *Van Schuyler* v. *Mulford*, 59 id. 426; *Culver* v. *Rhodes*, 87 id. 348.) No error was committed by the referee in overruling the plaintiff's objections to the questions: " Since what time have you had the paper in your possession?" and "state to the referee how long this paper has been in your possession in same condition it now is." (Code, § 828; *Simmons* v. *Sisson*, 26 N. Y. 277; *Lobdell* v. *Lobdell*, 36 id. 333, 334; Code, § 829; *Cary* v. *White*, 59 N. Y. 336–339; *Wadsworth* v. *Hermans*, 85 id. 639; *Pinny* v. *Orth*, 88 id. 447, 451; *Simons* v. *Havens*, 101 id. 428–433.) The plaintiff says he paid Alvaro Wilder (one of the grantors) three dollars. He proved the assessed valuation of the

entire lot to be forty dollars. This shows the amount in controversy is much less than $500, and so the case is not appealable. (*Trevett* v. *Barnes*, 110 N. Y. 500; Code, § 191, subd. 3.)

ANDREWS, J. The finding of the referee that Susannah Wilder executed and delivered to the defendant the deed of June 20, 1855, is supported by evidence and has been confirmed by the General Term. The execution of the deed by the grantor was proved by two witnesses who were present at the time, and no attempt was made on the trial to show that the signature to the deed was not genuine. The fact of delivery was not directly proved by an eye witness. But the defendant produced the deed, and the possession of a deed by the grantee is *prima facie* evidence of delivery, where there is nothing to impeach the *bona fides* of his possession. The other circumstances proved on the part of the defendant, confirm the presumption of delivery arising from possession of the deed. It was shown that it was drawn by a scrivener, pursuant to the directions of the grantor. The sister of the defendant testified to declarations of her mother, the grantor, to the effect that she intended that the son should have the lot in question. She also testified that from the time of the execution of the deed until the mother's death, several years thereafter, the deed was in the custody of the defendant and was kept by him in a box with his other papers. The defendant's wife was permitted, without objection, to testify to the same fact. The defendant rented the house, paid taxes and made repairs on the premises, and during his mother's life, after the deed had been executed, exercised such control of the property as usually attends ownership. If the evidence on the part of the plaintiff can be regarded as casting any doubt upon the point whether there was an absolute delivery of the deed, with intent to pass the title to the property, we are concluded by the finding in favor of the defendant.

The plaintiff claims title to an undivided part of the premises in question, under deeds from some of the heirs of

Susannah Wilder (who died intestate July 15, 1868), executed after her death. The deed from Susannah Wilder to the defendant was neither acknowledged by her nor was its execution attested by a subscribing witness. The plaintiff insists that for this reason the deed was void as to the plaintiff under the statute (1 R. S. 738, § 137) which declares that an unacknowledged and unattested deed "shall not take effect as against a purchaser or incumbrancer until so acknowledged." The conclusive answer to this claim is that the plaintiff is not a purchaser within the meaning of the statute. The word "purchaser" in this statute means one who derives title by purchase from the grantor in the unacknowledged and unattested deed, or from one who himself is mediately or immediately a purchaser from such grantor. The word purchase, as designating the origin and nature of title to real property, has a technical but well settled meaning. It includes every mode of acquisition of an estate in land known to the law, except that by which an heir on the death of his ancestor becomes substituted in his place as owner by operation of the law. (Burrill's Dic. tit. Purchase.) The heir who takes by descent is not a purchaser, and does not hold the estate descended by purchase. He may, when he has come into the inheritance, originate a title by purchase, upon his conveyance to another, but his own title is not such. The statute uses the word purchase in its technical sense. It is well settled that the title under an acknowledged and unattested deed duly delivered, is good as between the parties. This is so both under the statute and at common law. (*Wood* v. *Chapin*, 13 N. Y. 509; *Dole* v. *Thurlow*, 12 Metc. 157.) The grantor cannot reclaim the estate conveyed, in contravention of his deed, nor can his heirs. Both are bound by it. The statute does not aid the grantor's heirs, for the reason that they are not purchasers, and as to them the statute has no application. On the death of Susannah Wilder, she was neither seized nor had she any title to the land in question, and the heirs took no other estate by descent than such as was vested in her at her death. Their conveyance to the plaintiff conveyed

nothing, because they had no interest to convey. The defendant's deed, which was good as against Susannah Wilder, was good also against her heirs or those claiming title from them

This disposes of the case. We think it unnecessary to consider whether the exception taken to the question put to the defendant as to the time during which he had possession of the deed, was well taken. It would be difficult to sustain the ruling under our recent decision in *Clift* v. *Moses* (112 N. Y. 426). Excluding, however, the defendant's evidence on this point, there is left the uncontradicted evidence of two unimpeached witnesses to the fact that the deed was in his possession after its execution, during his mother's life.

We find no error in the record prejudicial to the plaintiff, and the judgment should be affirmed.

All concur.

Judgment affirmed.