(6 App. Div. 84.)

HOFFMAN v. HOFFMAN et al.

(Supreme Court, Appellate Division, Second Department.   June 2, 1896.)

1. DEED—DELIVERY—PRESUMPTION.
   The presumption that a deed executed by a decedent, and in possession of the grantee, was delivered by the grantor, is not rebutted by testimony of an interested party tending to show that the deed was not delivered, where the witness was contradicted by several witnesses, one of whom was disinterested, and her story was improbable.

2. EVIDENCE—DECLARATIONS.
   On an issue as to whether a deed executed by decedent had been delivered to the grantee, the declarations of the grantor at the time of executing the deed are competent.

Appeal from special term, Westchester county.

Action by Abraham L. Hoffman against Hiram M. Hoffman and others for partition. There was judgment in favor of defendants, and plaintiff appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Leonard Baker, for appellant.

David Hunt & Thomas Curran, for respondents.

PRATT, J.   This was an action for partition of certain real estate of which Hiram Hoffman died seised. The defendants alleged that Hiram Hoffman left other real estate which should be included in the suit, and that plaintiff and his wife, some time after Hiram Hoffman's death, had caused to be recorded a deed conveying to them certain premises in the town of Westchester, and alleging that the said deed was never delivered by Hiram Hoffman to the plaintiff, and was therefore void, and asked to have the premises described in said deed included in the description in the complaint, and partitioned and sold. The issue tried was whether said deed was delivered by said Hiram Hoffman, its execution being admitted. The deed was in the possession of the plaintiff, and produced by him upon the trial. This was presumptive evidence of delivery, and, with proof that the grantor therein intended he should have the property, and that the deed was drawn under the direction of the grantor, justifies a finding that it was a valid deed.

There was only one witness whose testimony tended to support defendants' claim. She was a sister of the plaintiff, and an interested party, and was contradicted in several material points by many witnesses. This witness testified to a conversation with plaintiff, wherein he made some admissions. The plaintiff and his wife flatly contradicted her. She is also contradicted by her brother Hiram Hoffman and a disinterested witness, Robert P. Baxter. Besides, the story she told was hardly probable. We think the decided weight of evidence was in favor of the plaintiff. In addition, it may be said that a holding that the deed never was delivered finds that the plaintiff and his wife were both guilty of perjury, and the former also guilty of larceny. The presumption

against the commission of crime is so strong as not to be overcome except by evidence of a high degree of credibility.

We also think it was error to exclude the declarations of Hiram Hoffman at the time he made the deed. They were made to characterize the act he was then doing, and were clearly competent and relevant. Strough v. Wilder, 119 N. Y. 530, 23 N. E. 1057; 7 Am. & Eng. Enc. Law, 71.

There must be a reversal of the judgment, and a new trial.

BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ., concur in the result, on the ground that it was error to exclude evidence as to what was said by the grantor at the time the deed was executed.