(98 App. Div. 289)

## EWERS v. SMITH.

(Supreme Court, Appellate Division. Second Department. November 18, 1904.)

1. DEEDS—PRESUMPTION OF DELIVERY.

　　A deed is presumed to have been delivered at the time of its date, notwithstanding it may be acknowledged afterwards.

2. POSSESSION OF REAL ESTATE—PRESUMPTION FROM OWNERSHIP.

　　A presumption of possession follows proof of ownership of real estate.

3. GRANTOR—RIGHT TO INCUMBER PROPERTY CONVEYED.

　　In the absence of a special authority conferring it, a grantor has no power to incumber real estate after the execution and delivery of a deed.

Appeal from Special Term, Kings County.

Action by Josephine Ewers against Anna M. Smith and others. From a judgment in favor of plaintiff, defendant Anna M. Smith appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Reuben L. Haskell, for appellant.
Effingham L. Holywell, for respondent.

HIRSCHBERG, P. J. The judgment is without evidence to support it. The action is brought to foreclose a mortgage on real estate executed by the defendant Catherine P. McNally to the plaintiff on the 29th day of May, 1900. The mortgage was recorded June 2, 1900. The mortgagor denied its execution, but the court found to the contrary on sufficient evidence. The mortgage was executed as collateral security to a bond of even date and amount, and the question chiefly litigated was whether the defendant Catherine P. McNally was bound by her execution of the documents, where the money loaned upon them by the plaintiff was received and fraudulently appropriated by her attorney without her knowledge. The court found that she authorized her attorney to deliver the bond and mortgage and to receive the money, and decreed a foreclosure and sale of the mortgaged premises.

The appellant, Anna M. Smith, however, is the owner of the real estate, and has been from a time when a deed to her from Catherine P. McNally was delivered. This deed is dated January 27, 1896, and

it covers all the mortgaged property. It was acknowledged July 8, 1896, but was not recorded until August 25, 1900. No evidence was given to impeach the deed, nor is there any finding adverse to its validity. A deed is presumed to have been delivered at the time of its date, notwithstanding it may be acknowledged afterwards. People v. Snyder, 41 N. Y. 397; Biglow v. Biglow, 39 App. Div. 103, 105, 56 N. Y. Supp. 794. In People v. Snyder, supra, the court said (page 402):

"No other evidence was given than that which the deed itself furnished, for the purpose of showing the time of its delivery, and under the state of the proof the law presumes it to have been delivered at the time of its date. Seymour v. Van Slyck, 8 Wend. 403, 414; Cowen & Hill's Notes (3d Ed.) part 1, p. 461, and part 2, p. 583, and cases cited; and Duke of Cumberland v. Graves, 7 N. Y. 305, 308, where that view was very properly taken in the application of the law to this deed, for the subsequent acknowledgment did not change that presumption. Ford v. Gregory, 10 B. Mon. 175, 180."

But even if the presumption of delivery should not attach until the time of the acknowledgment, it appears that the deed to the appellant was delivered upon that theory nearly four years before the execution of the plaintiff's mortgage. No evidence was given as to the possession of the real estate, but the presumption of possession must follow the proof of ownership. It was not claimed that the appellant knew of the plaintiff's bond and mortgage, or that she received any part of the money loaned upon them. The question presented on the appeal relates, therefore, to the power of a grantor to incumber real property after the execution and delivery of a deed. No authority is cited in support of such power, and it is elementary knowledge that, in the absence of special authority conferring it, the power does not exist. Certainly a grantor on whom such power has not been conferred could not confer the power upon his attorney by implication.

The judgment should be reversed, and new trial granted; costs to abide the final award. All concur.