(115 App. Div. 651)

### RANKEN v. DONOVAN et al.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

**1. DEEDS—DELIVERY—TIME OF DELIVERY—PRESUMPTIONS.**

In the absence of any showing to the contrary, a deed is presumed to have been delivered as of its date.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Deeds, § 578.]

**2. SAME—TIME OF TAKING EFFECT.**

Where a grantor handed the deed to the grantee, who then delivered it to a third person, who was to keep it and record it after the grantor's death, and it was agreed orally that the grantor should have a life estate, title in fee passed at the time the deed was handed to the grantee.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Deeds, §§ 117–119–130–135.]

**3. WITNESSES—CREDIBILITY—INCONSISTENT STATEMENTS.**

One in whose name title to land stood executed a lease, and in a suit by her to cancel the lease alleged her ownership of the land, which was admitted by the lessee in his answer, and on the trial he did not disclose that the grantor had executed deeds to the land which were to be withheld from record until her death and under an understanding that she should retain a life estate. *Held,* that such pleading on the part of the lessee and his failure to disclose the execution of the deeds did not discredit his testimony to the execution of the deeds and the understanding in a subsequent ejectment suit brought by the grantee in the deeds.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 1265, 1266.]

Appeal from Trial Term, Kings County.

Action by Virginia J. Ranken against Michael Donovan and another. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Action of ejectment. The plaintiff claimed under a specific devise of the land to her in her grandmother's will. The defendants claimed under a prior deed of conveyance of the said grandmother.

The plaintiff put the will in evidence and rested. The defendants produced the deed and put it in evidence. They also called the lawyer who drew it. He testified that the grantor instructed him that she wanted to convey the land in question and two other pieces (all she had) to her daughter Bessie, under whose will the defendants claim, and one other piece to Bessie's infant child, but wanted to retain control of it for life; that she said that the deeds would be held by McBride until her death, and then put on record; that Bessie said she was willing that her mother should have the same control of the property for life as though she owned it; that the mother, daughter and McBride were all present with him; that the four deeds were then drawn; that the mother handed to her daughter Bessie the three made to her, and placed the one to the infant on its breast as it lay in its mother's arms; that Bessie thereupon took the four deeds and handed them to McBride and said for him to take them and keep them until the mother died and then put them on record; that she passed a dollar to her mother for each deed. The defendants also called

McBride who testified to the same things. There was no other witness of the transaction.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, MILLER, AND GAYNOR, JJ.

Martin W. Littleton, for appellants.

Jesse W. Johnson, for respondent.

GAYNOR, J. There was no motion by either side for the direction of a verdict, but the motion on the minutes for a new trial should have been granted. When the defendants produced and put in evidence the deed of conveyance under which they claimed, a presumption of fact at once arose that it was delivered as of its date. Strough v. Wilder, 119 N. Y. 530, 23 N. E. 1057, 7 L. R. A. 555. In this state of the case—the plaintiff claiming under the will and the defendants under the prior deed—the defendants were entitled to the verdict as matter of law. But their learned counsel, not satisfied with this, would go further, and having called the lawyer who drew the deed, and the other living witness to the transaction, it was claimed for the plaintiff that such oral testimony raised a question of fact whether the deed was delivered with intent to pass title, and on this question the jury found against the defendants. But the presumption of delivery was not impaired by the oral evidence. The parties arranged that the property was to be conveyed, the grantor retaining the use for life, and the deeds were delivered in pursuance of this arrangement. This was the oral evidence. It is not necessary to determine whether this oral arrangement was valid, for whether the deed vested full title presently, or only title subject to a life estate in the grantor, matters not. In either case it conveyed the fee presently. Hathaway v. Payne, 34 N. Y. 92. The leaving of the deeds with McBride during the grantor's life was only to make certain that they should not be recorded.

Two years after executing the deeds the grantor made a lease of all the conveyed real estate to McBride with a right of renewal for ten years more to the lessee. She afterwards brought a suit against him to cancel such lease. In her complaint she alleged that she owned the land. This was admitted by McBride in his answer; and on the trial he did not disclose in the witness box that the deeds had been made. These things do not discredit his present testimony. His answer was correct pleading. He could not raise an issue of her ownership. It sufficed that she had a life estate and could make a valid lease. An allegation in his answer that she had made the deeds would have been wholly irrelevant and would have raised no issue. He cannot be discredited now for having pleaded scientifically. The same is true of his failure to tell of the deeds. He was not asked to and such a question would have been irrelevant. Failure to volunteer cannot discredit a witness (Huebner v. Roosevelt, 7 Daly, 111; Commonwealth v. Hawkins, 3 Gray [Mass.] 463); and especially must this be so of irrelevant matter. But if the evidence of McBride and the lawyer were suspected and discarded, there would still be no evidence of the nondelivery of the deed, and the presumption of its delivery would prevail.

A similar case under another of the deeds has been here before. Ranken v. Donovan, 46 App. Div. 255, 61 N. Y. S. 542.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.