Howaed T. Hogau, J.
Plaintiff seeks judgment that she is the owner of three certain lots in Nassau County by virtue of a deed to her from one Henry Loeffler, dated and acknowledged on the 31st day of July, 1935, but never recorded. She also asks judgment that another deed by which defendant claims adverse title be declared null and void.
Upon the trial plaintiff testified that she had obtained possession of her deed from Loeffler in 1935, that she kept it in a box at her home to which she and her husband had joint access, *873 until 1941, at which time her husband left her, taking the box with him, that between 1935 and 1941 she paid taxes on the property from the household money, and at one time pawned her wedding ring to obtain money for this purpose.
Loeffler died in 1937. Plaintiff’s husband, whom she had divorced in 1946, died in 1953, and at that time the Public Administrator turned over the aforesaid box to plaintiff’s daughter who then returned the deed to her mother. Thereafter it was discovered that her deceased husband’s niece, the defendant, held a recorded deed from him to herself, dated October 20, 1952, and that she claimed that her uncle had acquired title from Loeffler by a deed dated May 29, 1952, recorded June 2, 1952. This deed was not acknowledged by the grantor, but it was witnessed by. one Charles A. Grarrity whose signature as a subscribing witness was acknowledged on May 29, 1952, despite the fact that the grantor appears to have died in 1937! A death certificate purporting to be Loeffler’s was received in evidence as plaintiff’s Exhibit 5.
Defendant rested at the end of plaintiff’s case and offered no proof on her behalf, raising only section 347 of the Civil Practice Act, as a bar to testimony by the plaintiff as to the actual delivery of the deed by Loeffler to her.
Upon this proof it appears that while plaintiff is a party or person interested in the event who could not testify on her own behalf concerning a personal transaction between herself and the deceased Loeffler, against the latter’s executor, administrator, or survivor, nor against a person deriving his title or interest from, through or under the deceased by assignment or otherwise, defendant does not fall into either of these categories. The purported deed from Loeffler to her grantor, appearing on its face to have been executed 15 years after the grantor’s death, obviously is a nullity, conveying no title or interest whatsoever to her grantor. Hence, section 347 is not a bar.
Even if the court did not reach this conclusion, plaintiff must prevail. She testified to her possession of the deed from 1935 to 1941, and she has possession at the present time. This raises a presumption of delivery (Hoffman v. Hoffman, 6 App. Div. 84) which defendant did nothing to rebut.
Accordingly, defendant’s motion for a dismissal of the complaint is denied and the relief prayed for in the complaint is granted to the plaintiff, without costs.
The foregoing shall constitute the decision of the court as required by section 440 of the Civil Practice Act.