■ IRENE YOUNG, Respondent, v. JUNE WARK, Appellant.— Judgment reversed on the law and facts and matter remitted to the Trial Justice for further proceedings not inconsistent with the memorandum, without costs of this appeal to either party. Memorandum: The plaintiff and the defendant are sisters and they are the sole distributees of their mother's estate. After the mother's death on April 4, 1956, the defendant produced an unrecorded deed which she claimed to have had in her possession for some years, dated February 9, 1945, conveying to the defendant premises consisting of a two-family dwelling, in which both the defendant and the mother had lived. This action was brought to have the deed declared null and void on the ground that the deed had never been delivered to the defendant. There was conflicting evidence on this issue. There was testimony which strongly supported the plaintiff's claim that the mother treated the property as her own up to the time of her death. There was also proof of statements made by the mother which were inconsistent with her having previously deeded the property to the defendant. Explanatory testimony and denials of adverse testimony were offered by the defendant. On all the evidence, a conclusion that the deed had not been delivered to the defendant would well have been justified. However, the Trial Judge made no finding on this ultimate question of fact. He found instead that the defendant had " failed to prove the delivery to her" of the deed in question and that the deed was " therefore invalid ". This finding was not only deficient in failing to deal affirmatively with the ultimate question of fact but it also represented a misconception of the law as to the burden of proof. There is a presumption of the due delivery of a deed in the possession of the grantee and the burden is upon the person challenging delivery to overcome that presumption (*Strough* v. *Wilder,* 119 N. Y. 530; *Ranken* v. *Donovan,* 115 App. Div. 651; *McClellan* v. *Zwingli,* 24 N. Y. S. 371; *Carnes* v. *Platt,* 9 Jones & Spencer 435; 26A C. J. S., Deeds, § 184, subd. b, pp. 18–19; 16 Am. Jur., Deeds, § 382, pp. 654–655). In this situation, we believe that the proper course is to remit the case to the Trial Justice for further consideration and for the making of new findings. The case should be reviewed by the Trial Justice in the light of the correct rule as to the burden of proof; it will be for him to determine anew whether the deed was or was not delivered. If he is of the opinion that additional proof would be useful on that issue, he may reopen the case and hear further proof. On the other hand, if he feels that the case can be properly decided upon the proof heretofore heard, he should make new and complete findings upon the basis of that proof. All concur. (Appeal from a judgment of Erie Equity Term for plaintiff in an action to establish tenancy in common, to set aside a deed, and for partition.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.