In the Matter of the Estate of CHARLES E. KENNEDY, Deceased. EDNA M. HAYES, as Administratrix of the Estate of CHARLES E. KENNEDY, Deceased, Appellant; DOROTHY MAY, Respondent.—

 Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur. Herlihy, P. J., concurs in part and dissents in part, in the following memorandum: I concur in the determination by the majority that the personal claim by the administratrix for money loaned to the decedent during his lifetime in the sum of $500 plus interest should be allowed. I disagree with so much of the determination by the majority as affirms the determination of the Surrogate which held that there had been no delivery by the decedent of an otherwise duly executed deed which purports to convey real property from the decedent to the administratrix, his sister. The majority note that the deed was shown to Mrs. Hayes on May 26, 1964, but the present record establishes more than a mere showing of the deed and factually establishes a complete delivery to Mrs. Hayes, the deed thereafter being placed by the decedent in a safe deposit box held by himself and Mrs. Hayes as joint tenants. The cases relied upon by the majority to establish that a donee must clearly prove a delivery with an intent to make an *inter vivos* gift relate to items of personal property. As to personal property it would seem fairly obvious that a great deal of evidence would be necessary to establish a valid gift and that there is no presumption of good title in the alleged donee in the absence of an otherwise duly executed bill of sale or assignment, when the property is not in the *exclusive* possession of the donee. (Cf. *Matter of Kinch,* 33 A D 2d 221, affd. 27 N Y 2d 979.) In the present case we are dealing with a duly executed deed which grants title to specified real property to Mrs. Hayes. There is a presumption of delivery of a deed which attaches thereto as of the date of its witnessing or acknowledgment. (*Strough* v. *Wilder,* 119 N. Y. 530, 534; *People* v. *Snyder,* 41 N. Y. 397, 402; *Ranken* v. *Donovan,* 115 App. Div. 651, 652; *Ewers* v. *Smith,* 98 App. Div. 289, 290; *Biglow* v. *Biglow,* 39 App. Div. 103, 105; *Hoffman* v. *Hoffman,* 6 App. Div. 84, 85.) It can be argued that the presumption of delivery of an otherwise duly executed deed does not apply in situations where the deed is not in the possession of the grantee or the grantee's successors in interest at the time the grantee claims title. In the present case the record establishes that the grantee was in possession of the deed prior to any question being raised as to a due delivery and it is also established that the grantee secured such possession from a safe deposit box to which she had an absolute and unqualified right of entry. This is *not* a situation where the otherwise duly executed deed was discovered after the grantor's death in a place where only he would ordinarily have access. Under the circumstances in this particular case the presumption of delivery should attach and the burden would be upon the estate and/or heirs of the decedent to establish that there was no due delivery. (See *Matter of Kinch, supra.*) The Surrogate put the burden upon the named grantee to prove that there had been a due delivery of the deed. In his decision he erroneously ruled that the administratrix (grantee) could not testify as to the facts showing that the deed was actually delivered to her prior to being put in the safe deposit box (*Hoffman* v. *Hoffman, supra*) and excluded all evidence except that the deed was found in a jointly owned safe deposit box. While no presumption will attach as to personal property found in a joint safe deposit box at least in the absence of otherwise duly executed bills of sale or assignments, a deed is the formal document whereby title to real property is conveyed and the attachment of the presumption of delivery thereto merely shifts the burden to those who would question an otherwise obvious attempt by the deceased to convey the property to establish facts which would indicate that there had been no delivery and in such cases it would appear that declarations of the decedent as to his intent at the time of making or exe-

cuting the deed and in connection with the delivery thereof would be admissible (*Hoffman* v. *Hoffman, supra*). The possibility of any fraud upon the decedent and/or ·his estate in the admission of all evidence in regard to a document which upon its face is sufficient to convey title is quite remote as the duly executed document is persuasive that the decedent intended that the same be given effect. In any event, the presumption of delivery which attaches to a duly executed deed at such time as the deed may be found in the hands of the grantee and/or his successors in interest, is not conclusive, but merely puts the burden upon those who would dispute the validity of the document to show that some important element is missing. In the present case it is not necessary to determine whether or not a presumption of delivery should attach as to any and all duly executed deeds, regardless of whose possession the deed might be found in at the time title is questioned. It is important to note that title under a duly executed deed is in no way dependent upon the grantee retaining possession subsequent to the initial delivery of the deed to him. The order should be modified, on the law and the facts, so as to provide for the allowance and inclusion of the Schedule D-2 of the account of the personal claim of the administratrix, and so as to delete therefrom so much thereof as requires the inclusion of the specified real property in the final account, and, as so modified, affirmed. [56 Misc 2d 1092.]