■ LOUIS WIENER, Respondent, v GA-RO DIE CUTTING INC., Appellant. — Order, Supreme Court, New York County (Louis Grossman, J.), entered November 23, 1983, which granted plaintiff's motion for summary judgment on liability and directed an assessment of damages, reversed, on the law, with costs and disbursements, and the motion for summary judgment denied.

In November, 1977, plaintiff's assignor, as landlord, had entered into a standard loft lease with defendant, as tenant, providing for annual rent of $15,000 payable in equal monthly installments. By a rider attached to the lease, it was agreed, in paragraphs 41 and 42, that the tenant would pay a proportionate share of any escalations in real estate taxes and maintenance and operating costs over the term of the lease. Paragraph 43 obligated the tenant to maintain liability insurance for the protection of both the landlord and the tenant, the last sentence

in paragraph 43 providing as follows: "Notwithstanding the foregoing, Tenant shall not be obligated for more than the sum of $750.00 per year in each of the years 1979, 1980 and 1981; for not more than the $1,000.00 per each year in the years 1982, 1983 and 1984; and for not more than the sum of $1,500.00 per each year in the years 1985, 1986 and 1987, none of the aforesaid sums to be accumulative."

The action was brought by the present landlord to recover for escalation payments allegedly due under paragraph 42 of the lease for the years 1979-1982, the tenant interposing a counterclaim in its answer for a declaratory judgment that the cap or limitation on escalation payments provided for in the last sentence of paragraph 43 was intended to apply not only to the insurance clause (par 43), but also to the real estate tax (par 41) and operating and maintenance cost (par 42) escalation clauses. On that basis the tenant sought to limit its liability to the maximum specified in the last sentence in paragraph 43.

Special Term, holding that the agreement was clear and unambiguous, found no basis to conclude that the limitation contained in paragraph 43 was applicable to the escalation provisions in paragraphs 41 and 42. Accordingly, the court granted summary judgment and directed an assessment of damages.

We disagree and find that there are factual issues sufficient to preclude summary resolution. On this record, we cannot determine the intention of the parties at the time they executed the lease, including whether the maximum limitation language was inadvertently inserted as part of paragraph 43, instead of as a separate paragraph relating to all three paragraphs. Here, both parties who took part in the negotiations and the execution of the lease are in agreement as to what was intended. Murray Brick, defendant's secretary, who had negotiated the lease with the original landlord, and Roy Lawrence, a principal of 45 West 21st Street Co., the former owner and present holder of the mortgage on the premises, both agree that the disputed language had been inserted to satisfy the tenant's demand for a limitation on escalations for increased operating and maintenance costs and real estate taxes and that this was done after considerable negotiations. Moreover, plaintiff, as the moving party, failed to submit affidavits by any person with requisite knowledge of the facts, as required (CPLR 3212, subd [b]), but relied solely upon the affirmation of counsel, who was without personal knowledge of the facts. Under the circumstances, the affirmation of counsel lacked probative value and should not

have been considered. (*Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 31, affd 49 NY2d 924; *Di Sabato v Soffes,* 9 AD2d 297.)

The function of the court on a motion for summary judgment is issue finding, not issue determination (see *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Esteve v Abad,* 271 App Div 725, 727). The construction of the lease and resolution as to the intention of the parties must await the trier of the facts. This is the specific relief sought by defendant's counterclaim for a declaratory judgment, which would operate to reform the lease and give effect to the parties' intention, namely, that the maximum payment limitation provision, contained in paragraph 43, be applicable to all escalations, including those provided in paragraphs 41 and 42.

In construing the terms of the lease, we must also take cognizance of the practical business considerations involved in real estate transactions and, for that purpose, take into account that there is no rational basis for the inclusion of a cap or limitation on payments by a tenant for liability insurance, which is procured for the benefit of both the landlord and the tenant. On the other hand, as is reflected in the affidavits submitted in opposition, the inclusion of such a cap with respect to real estate taxes and operating maintenance cost escalations is a matter of vital concern to a tenant. Concur — Sandler, Carro and Kassal, JJ. Murphy, P. J., and Silverman, J., dissent and would affirm for the reasons stated by Grossman, J., at Special Term.