■ GEORGETTE BUCKNER, Respondent, v WALKER G. BUCKNER, JR., Appellant.

The essential facts are undisputed. Pursuant to a 1983 separation agreement incorporated by reference into the divorce judgment, defendant husband ceased paying child support on the ground that an "emancipation event" terminated his obligation to make further payments. The separation agreement lists six emancipation events, two of which are relevant: "Engaging in full-time employment, except that (i) engaging by the Child in part-time employment [less than twenty-five (25) hours per week] shall not constitute emancipation and (ii) the Child engaging in full-time employment during vacation and summer periods and school intercessions *[sic]* and other recesses shall not be deemed emancipation" and "Independent residence away from both parents. Residence at a college or boarding school and travel during holiday, summer and other school or college recesses shall not be deemed such a permanent residence". It is undisputed that in 1986, the parties' son, Clark, lived in his own apartment for four months and worked full time for nine months, first as a busboy in a restaurant and later at a bakery.

Supreme Court held that no emancipation event as defined in the separation agreement was demonstrated, finding that the nature of the employment, considering Clark's background and education, rendered it "temporary rather than full time"

and that the duration of his residence apart from either parent and the fact that his mother paid most of the rent for the apartment minimized its significance. Therefore, the court granted summary judgment (1) declaring that no emancipation event occurred and (2) directing defendant husband to pay child support arrears of $8,000.

It is well settled that the function of a court on a motion for summary judgment is issue finding and not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting,* 104 AD2d 331, *affd* 65 NY2d 732). Clear issues are presented as to whether Clark Buckner's actions constitute emancipation events under the separation agreement and whether defendant's acquiescence in those actions constitutes a waiver of his rights thereunder. Concur—Ross, J. P., Milonas and Rubin, JJ.

Wallach, J., concurs in part and dissents in part in a memorandum as follows: I concur with the majority memorandum insofar as it vacates summary judgment in favor of the wife. However, I dissent from that portion which remands the matter for a hearing, and would instead grant the husband's cross motion for summary judgment dismissing the complaint.

It is undisputed that after graduating from high school and before starting college, the Buckners' son, Clark, had a full-time job from September 1986 to June 1987. This ended the husband's contractual obligation to make support payments *to his wife* for Clark, since, under the plain language of the separation agreement, full-time employment was an event of "emancipation" relieving the husband of any such obligation. It is undisputed that the husband is now discharging his common-law duty of child support by paying Clark's college tuition, as well as furnishing all sorts of supplementary financial support. The term "full-time employment" is not ambiguous and no extrinsic evidence or collateral circumstances can change its meaning. There is simply no triable issue as to the plain meaning of "emancipation" in the context of this dispute, and the husband is entitled to judgment in his favor as a matter of law *(Slatt v Slatt,* 64 NY2d 966).