■ In the Matter of W. CHRISTOPHER WHITE et al., Respondents, v DANIEL R. SCROFANI, Appellant.—Judgment of the Supreme Court, Westchester County (Gerard E. Delaney, J.), entered on or about October 11, 1988, which granted the

petition and discharged the subject mortgage, unanimously reversed, on the law, without costs, judgment vacated, and the matter remanded to Supreme Court for a hearing pursuant to CPLR 410.

Petitioners brought this proceeding pursuant to RPAPL 1921 seeking to discharge a mortgage in the amount of $150,000 given to one Daniel R. Scrofani by the vendor's grantor, Fred-Rick Holding Corporation (Fred-Rick). According to the title report, two pages of which are attached to the petition, petitioners' contract vendor, Briarvista Construction Corporation (Briarvista), acquired title from Fred-Rick by a deed dated November 29, 1983. The contract of sale from Briarvista to petitioners is not a part of the record submitted upon this appeal, but petitioners' brief states that a judgment of specific performance has been obtained by petitioners, who therefore now own the property outright (White v Briarvista Constr. Corp., Sup Ct, Westchester County, index No. 1000/86 [Delaney, J.]).

The subject mortgage is one of at least three dated February 17, 1983 given to Daniel R. Scrofani by corporations of which Riccardo Tedesco is an officer and director. Mr. Tedesco is also an officer and director of Briarvista, petitioners' contract vendor. Tedesco's affidavit in support of the petition states that the first of those mortgages, in the amount of $100,000, was given by Thornwood Equities, Inc.; the second, in the amount of $50,000, was given by 677 Properties, Inc. (collectively, The Other Mortgages); and the third, the subject mortgage, in the amount of $150,000, was given by Fred-Rick. Tedesco alleges that the subject mortgage was represented by Scrofani as being "given solely as collateral security" for The Other Mortgages, although he acknowledges that the mortgage instrument "does not recite that same was given as collateral security". His affidavit further alleges that he requested Scrofani to execute and deliver a satisfaction of the subject mortgage, which request was denied. Petitioners assert that, because The Other Morgages have been satisfied and a demand for satisfaction of the allegedly collateral subject mortgage has been denied, they are entitled to a judgment declaring the subject mortgage discharged pursuant to RPAPL 1921.

Daniel Scrofani, in his affidavit in opposition to the petition, disputes that the subject mortgage was completely paid but otherwise provides no information regarding the transactions which surround the three instruments. The record reveals that Mr. Scrofani has exhibited considerable reluctance about

revealing the nature of the underlying financial arrangements, having declined to respond to a subpoena to testify regarding the subject mortgage issued in connection with petitioners' action against Briarvista for specific performance and having been held in contempt therefor by Justice Delaney in an order dated April 8, 1987. It is apparent that, in entering its order discharging the subject mortgage, Supreme Court discounted the allegations in Scrofani's affidavit and credited the allegation by Riccardo Tedesco that the subject mortgage was merely "collateral security" for The Other Mortgages. However, the court's opinion observes that "there is a dispute as to interest" alleged to be due on the subject mortgage.

It is well settled that the standards governing motions for summary judgment apply to the determination of a special proceeding (CPLR 409 [b]; *Matter of Port of N. Y. Auth. [62 Cortlandt St. Realty Co.]*, 18 NY2d 250). It is equally well settled that the function of a court upon a motion for summary judgment is issue finding not issue determination *(Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395; *Wiener v Ga-Ro Die Cutting*, 104 AD2d 331, *affd* 65 NY2d 732), the test being whether the pleadings raise a triable issue of fact. The credibility of the parties is not a proper consideration for the court *(Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338), and statements made in opposition to the motion must be accepted as true *(Patrolmen's Benevolent Assn. v City of New York*, 27 NY2d 410, 415; *Cohn v Lionel Corp.*, 21 NY2d 559).

The pleadings in this matter raise triable issues of fact. There is clearly a dispute as to whether interest on the subject mortgage has been paid. While we agree with Supreme Court's ruling that Mr. Scrofani has displayed contempt for its proceedings, in the absence of an order striking his pleadings or resolving the issue against him (CPLR 3126), the question raised by his affidavit precludes a grant of summary judgment. Moreover, the record does not support the presumption that the subject mortgage is merely collateral for The Other Mortgages. Following a series of assignments and a fourth "consolidation mortgage", the $300,000 of mortgage obligations originally held by Daniel R. Scrofani ultimately came to be held by the Delta Evergreen Corporation and various individuals associated with that organization. The fact that there remains a total of $300,000 in mortgage debt, even after discharge of The Other Mortgages, raises questions whether the subject mortgage was merely given as collateral security.

Concur—Kupferman, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.