■ SAM SOFSKY, Individually and as Executor of HENRIETTA SOFSKY, Deceased, Respondent, v DAVID ROSENBERG et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered February 22, 1989, which denied defendant Rosenberg's motion for summary judgment, and order of the same court, entered July 5, 1989, which, upon reargument, denied defendant Pomeranz' cross motion for summary judgment, reversed, on the law and the facts, defendants' motions are granted and the complaint is dismissed, without costs.

Contrary to the finding of the Supreme Court, the record fails to establish the existence of triable issues of fact warranting the denial of defendant Rosenberg's motion and defendant Pomeranz' cross motion for summary judgment. Instead, the record reveals that the deceased, Henrietta Sofsky, and defendant David Rosenberg were co-owners of a lingerie business as well as close personal friends from the late 1940's until Mrs. Sofsky's death in 1982. In 1960, Rosenberg's brother suggested that they and other family members make an investment in an apartment house located at 301 East 66th Street (also described as 1260-1274 Second Avenue), Manhattan. The property was held by various owners in units of 1/72 each. One of the owners of the property, Herman Coffina, negotiated a sale of four of the units with defendant Rosenberg's brother, who acted on his behalf. By agreement dated June 15, 1960, Coffina contracted to transfer the four units to Rosenberg's brother for $21,250 each, or a total purchase price of $85,000.

When defendant Rosenberg told the deceased of his plan to purchase one of the units, she indicated that she wished to purchase one as well. The two units were purchased with a $42,500 check from the lingerie company. Rosenberg reimbursed the company for his share in the unit. The deceased borrowed some money from a bank and the rest of the purchase price was taken out of her dividends from the company.

At the closing, the four units were transferred to Rosenberg's brother and the deceased. Two and one-half weeks later, the deceased executed a deed dated July 18, 1960 (the challenged deed) transferring "an undivided one-half of her interest" to defendant Rosenberg. Although the deed to Rosenberg's brother and the deceased was recorded immediately,

the July 18th deed was not recorded until 23 years later, after Mrs. Sofsky's death. Defendant Rosenberg also acquired two other units in the building, the deeds to which were recorded shortly after the purchase.

The deceased and Rosenberg shared the income from their business, as well as from the four units, equally until her death. On January 11, 1983, defendant Pomeranz, an attorney who at one time represented Mrs. Sofsky's husband, plaintiff Sam Sofsky, her estate and Rosenberg, wrote the management company of the building informing them that long prior to her death, Mrs. Sofsky deeded one half of her interest in the property to Rosenberg and that pursuant to an agreement between them, the distributions from the property were divided equally. The letter further advised the company that commencing with the payment to be made in January 1983, Mrs. Sofsky's estate was to receive one half of the payments Mrs. Sofsky was previously receiving, with the difference to be paid to Rosenberg so that Rosenberg would receive distributions in accordance with his ownership of three units, with the estate receiving distributions in accordance with its ownership of one share.

After the premises were sold in 1986 for approximately $25,000,000, the management company distributed the proceeds of the sale and paid dividends to the parties, with a 1/72 interest paid to the estate and a 3/72 interest paid to Rosenberg. Plaintiff then commenced this action against Rosenberg for conversion of a real property interest in the building and income generated therefrom and against Pomeranz for conversion and legal malpractice.

The Supreme Court held that defendants were not entitled to summary judgment because of the existence of factual issues with regard to the delivery of the challenged deed. Specifically, the court found that the fact that Rosenberg and Mrs. Sofsky divided the distribution of payments from the four units equally for 23 years, that the deed was not recorded until 23 years after it was executed and that tax documents indicate that Mrs. Sofsky owned a 2/72 interest in the property, precluded the granting of summary judgment. The court also determined that an issue of fact existed as to whether Pomeranz participated in the alleged diversion of funds and conspiracy based on his letter to the management company.

In order to defeat a motion for summary judgment, the opposing party must "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). The opponent

must produce evidentiary proof, in admissible form *(supra)*. Conclusory assertions cannot satisfy the opponent's burden *(McGahee v Kennedy,* 48 NY2d 832; *Friends of Animals v Associated Fur Mfrs., supra)*.

It is undisputed that the decedent executed the deed in question, that Rosenberg gave the deed to Pomeranz to record in 1983 and that Pomeranz, at Rosenberg's request, submitted the deed for recording and advised the management company to adjust the income distribution from the property. The sole basis for plaintiff's attempt to set aside the July 18th deed is the unsupported allegation that the deceased never validly delivered the deed to Rosenberg. However, plaintiff has failed to substantiate his speculative allegations that the deed was placed, at some unspecified time, in either an office safe or safety-deposit box at a bank and that Rosenberg "clandestinely and fraudulently" removed the deed from one of these locations "either while [the decedent] was seriously ill or after" she passed away.

Rosenberg alleged that the deed had been in his possession for over 20 years and that after the death of the decedent, he discovered that it had not been recorded. He thereafter turned it over to Pomeranz to have it recorded. Pomeranz alleged that plaintiff was present in January of 1983 when Rosenberg turned the deed over to him. Plaintiff's testimony at a deposition does not contradict defendants' allegations but rather, supports the conclusion that summary judgment was improperly denied. Plaintiff testified that the decedent, "tremendous, brilliant" and "sophisticated in business", refused to discuss her financial affairs with him. He did not know whether she had her own, separate investments because "she liked to keep it closed." The decedent maintained her own checking account and plaintiff had no knowledge of the amount she or Rosenberg paid for the property. He never saw any documents relating to its purchase, did not know where his wife kept such documents nor did he know whether or not she had, in fact, delivered any documents relating to the property to Rosenberg. When asked about the allegation in his complaint that the deceased deposited the deed for safekeeping in either the office safe or the bank safety-deposit box, plaintiff stated that he never knew the deed existed and had no knowledge of where it had been deposited. Nor could plaintiff think of a reason why his wife would have signed the deed (the signature on which he acknowledged was hers) and kept it in the box instead of delivering it. None of the other witnesses produced

by plaintiff had any recollection whatsoever of the transactions.

Rosenberg submitted a canceled check in the amount of $21,250 which he alleged represented his payment for the unit in question. Plaintiff failed to submit any evidence to document the claim that the decedent made any purchase at all. Although plaintiff alleged that the deed in question was given to Rosenberg to secure a mortgage or a debt, he failed to set forth any factual allegations to support his claim.

The Supreme Court also relied on certain tax documents in support of its contention that triable issues of fact existed to preclude the awarding of summary judgment. Pomeranz explained, however, and his explanation was undisputed, that when he recorded the deed in question, he filed a real property tax (RPT) return and affidavit with the Department of Finance and that although the RPT statement incorrectly listed the interest being transferred as "an undivided 1/36 interest", the affidavit correctly set forth the property interest as "an undivided 1/2 interest". Although plaintiff denied being present when Rosenberg turned the deed over to Pomeranz for recording, he signed the RPT return filed with the deed in 1983, on behalf of the estate. The date of delivery to the grantee is listed as July 18, 1960.

The Supreme Court also relied on the Federal estate tax form 706, which was prepared by an attorney from Pomeranz' law firm and which was filed by the decedent's estate in August of 1983, seven months after Pomeranz submitted the deed for recording. Defendants claim that this form also mistakenly describes the decedent's interest in the property as a 1/36 interest. The attorney who prepared the form explained that this error occurred because he was unaware of the July 18th deed and only relied on the deed from Coffina to the deceased. Plaintiff has failed to submit any evidence to dispute these contentions.

In any event, these tax forms do not negate the allegation that the duly executed deed was delivered to Rosenberg. It is well settled that there is a presumption "of the due delivery of a deed in the possession of the grantee and the burden is upon the person challenging delivery to overcome that presumption". *(Young v Wark,* 8 AD2d 690; *see also, Herrmann v Jorgenson,* 263 NY 348; *In re Brock's Will,* 208 NYS2d 772 [Sur Ct, Westchester County].) Unlike the situation in *Ten Eyck v Whitbeck* (156 NY 341), plaintiff herein has offered no evidence to dispute the fact that delivery was made to Rosenberg. Nor can plaintiff rebut the presumption by alleging that

a relationship of trust and confidence existed between Rosenberg and the decedent. The court, in *Ten Eyck v Whitbeck (supra,* at 353), held that "[w]here the relation between the parties is that of parent and child, principal and agent, or where one party is situated so as to exercise a controlling influence over the will and conduct of another, transactions between them are scrutinized with extreme vigilance, and clear evidence is required that the transaction was understood, and that there was no fraud, mistake or undue influence." Plaintiff testified to the business acumen of his wife and to the fact that she, rather than Rosenberg, was in charge of the business. Therefore, he has also failed to support his contention that a relationship of trust was somehow violated by the transaction in question.

Since the RPT lists the decedent as grantor, Rosenberg as grantee and the date of delivery to grantee as July 18, 1960, and since plaintiff, in his capacity as executor of the decedent's estate, signed the return, he has acknowledged delivery of the deed to Rosenberg. Moreover, the fact that the deed was not recorded until 23 years after it was executed does not affect the validity of the transfer *(James v Lewis,* 135 AD2d 785). Nor does the fact that Rosenberg and the decedent divided the profits equally prior to her death *(see, In re Brock's Will, supra).*

Since plaintiff has failed to support his claim that the deed was not delivered to Rosenberg, there is no basis for a claim against Pomeranz. Even if a question of fact existed with regard to the delivery of the deed, the denial of Pomeranz' cross motion for summary judgment was error since there is no evidence to support the conclusion that he participated in the execution of the deed in 1960 or that he performed anything more than the ministerial tasks of recording the deed as per Rosenberg's instruction and thereafter directing the management company to distribute the income from the property on a three-to-one basis. Plaintiff failed to submit any evidence to support his allegation that Pomeranz conspired to defraud the estate. Concur—Murphy, P. J., Carro and Rosenberger, JJ.

Asch and Rubin, JJ., dissent in a memorandum by Rubin, J., as follows: Plaintiff commenced this action for conspiracy to defraud plaintiff and the estate of his deceased wife of a 1/72 ownership interest (representing one unit) in a high-rise apartment building and of the income generated thereby. On or about July 1, 1960, decedent Henrietta Sofsky acquired a two-unit (2/72) ownership interest in the building. The deed

was promptly recorded. On July 18, 1960, decedent executed and acknowledged a deed transferring one of the units (1/72) in the premises to defendant Rosenberg. This deed was not promptly recorded, and the validity of the conveyance is the subject of these proceedings. Rosenberg also independently acquired two units in November 1960, and this deed was promptly recorded. From 1960 until her death in November 1982, decedent and Rosenberg shared the income from the subject property equally, that is, as though each still owned two units.

Decedent and Rosenberg were co-owners of an unrelated business. Defendant Pomeranz was their attorney, as well as the attorney for the estate of Henrietta Sofsky. Pomeranz recorded the challenged deed in January 1983, subsequent to Henrietta's death, in accordance with Rosenberg's instructions. By letter dated January 11, 1983, Pomeranz informed the building's management that decedent had previously deeded one half of her undivided 2/72 interest to Rosenberg and that management should therefore commence paying Rosenberg in accordance with a three-unit ownership position. In December 1986, the premises were sold for approximately $25,000,000 of which Rosenberg received a three-unit share and the estate a one-unit share.

Plaintiff commenced this action alleging, *inter alia,* that the challenged deed was never properly delivered to Rosenberg. After joinder of issue, the parties moved and cross-moved for summary judgment. The court initially granted the motion as to defendant Pomeranz but denied the motions as to plaintiff and Rosenberg, finding the existence of issues of fact raised by the failure to record the deed for 23 years, the sharing of payments reflecting an ownership position inconsistent with the conveyance and certain tax documents reflecting a 2/72 ownership interest by decedent in the subject units.

The motion by defendant Pomeranz was granted on the ground that plaintiff failed to set forth sufficient evidence to support a cause of action. On reargument, the court reversed this decision on the ground that the January 11, 1983 letter to the building's management, written by Pomeranz at the request of Rosenberg but stating that Pomeranz represented the estate, raised an issue with respect to Pomeranz's participation in the alleged diversion of payments of income from the unit. The court stated that the apparent source of the letter, purportedly the estate, and its content were such that management would not have been expected to question the change in distribution and apparently did not question it. On this

appeal, Rosenberg and Pomeranz contend that there were no issues of fact to warrant denial of summary judgment dismissing the complaint. I disagree.

In support of his position, Rosenberg relies on the presumption of delivery of the deed from its recordation *(In re Brock's Will,* 208 NYS2d 772, 776). However, the presumption is compromised by "proof of attendant facts and subsequent circumstances, such as the possession and control of the property by the grantor, the declarations of the supposed grantee which are inconsistent with the transfer of the title, which, with the acts and conduct of the parties in relation to the property, are all circumstances to be considered in determining whether there has been a delivery and acceptance of the deed" *(Ten Eyck v Whitbeck,* 156 NY 341, 352). Late recording of the conveyance is prominent among these considerations *(Ten Eyck v Whitbeck, supra,* at 351). The distribution of payments inconsistent with the ownership of the unit advanced by Rosenberg is another. The confidential relation of Pomeranz to the parties, his apparent conflict of interest and the absence of any witness who can contradict the version of events alleged by defendants present credibility questions requiring resolution by a trier of fact *(Ten Eyck v Whitbeck,* 156 NY 341, 353, *supra; see also, Piwowarski v Cornwell,* 273 NY 226, 229).

Summary judgment is a drastic remedy *(Rotuba Extruders v Ceppos,* 46 NY2d 223), and the function of the court is issue finding not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Wiener v Ga-Ro Die Cutting,* 104 AD2d 331, *affd* 65 NY2d 732). The credibility of the parties is not a proper consideration for the court *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338), and statements made by the party opposing the motion must be accepted as true *(Patrolmen's Benevolent Assn. v City of New York,* 27 NY2d 410, 415; *Cohn v Lionel Corp.,* 21 NY2d 559). The pleadings raise triable issues of fact, and summary judgment was properly denied *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169; *Di Sabato v Soffes,* 9 AD2d 297).