■ In the Matter of the Estate of GENEVIEVE LA VALLEY, Deceased. WALTER LA VALLEY, Respondent; RONALD LA VALLEY, Appellant. [647 NYS2d 303] —Carpinello, J. Appeal from an order of the Surrogate's Court of Clinton County (Lewis, S.), entered June 2, 1995, which, *inter alia*, granted petitioner's application to disallow a claim made by respondent against the estate of Genevieve La Valley.

Genevieve La Valley (hereinafter decedent) died testate on June 11, 1990. Two of decedent's sons, petitioner and respondent, were named as coexecutors of her last will and testament and letters testamentary were duly issued to them in July 1990. Significantly, the second paragraph in decedent's will reads as follows:

"I have, during 1988, borrowed the sum of $5,000.00 from my son Ronald F. La Valley, which I used to install new siding upon my home. I was to re-pay that amount to him, without interest, but with no specific date for re-payment.

"If that amount has not been re-paid to him at the time of

my death, I direct that he be paid that amount from my estate."

In a petition verified in September 1994, petitioner, *inter alia*, objected to the payment of this amount to respondent, arguing that the $5,000 in question had been withdrawn from a bank account that decedent held jointly with respondent and, therefore, the sum did not constitute a loan. Respondent answered the petition, disputing all the claims and objections set forth in the petition. Following a hearing, Surrogate's Court, *inter alia*, disallowed respondent's claim for $5,000 and respondent appeals.

We reverse. In its decision, Surrogate's Court stated that respondent's claim was disallowed "in its entirety as there was no proof offered to substantiate the claim". Nevertheless, respondent correctly notes that, at the commencement of the hearing, it was stated in open court that petitioner's objection to respondent's $5,000 claim was withdrawn. Petitioner points out, however, that SCPA 1805 requires all personal claims advanced by fiduciaries such as respondent to be judicially approved regardless of whether an objection is made (*see, Matter of Kennedy*, 36 AD2d 549, 550; *Matter of Zalaznick*, 90 Misc 2d 113, 118). However, SCPA 1805 refers to personal claims made by the fiduciary as creditor and is clearly designed to avoid a situation where a fiduciary abuses his or her position of power by asserting unsubstantiated claims against the estate. Here, respondent's claim for $5,000 arises out of a specific testamentary directive. Consequently, Surrogate's Court erred in dismissing this claim based upon a failure of proof.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Surrogate's Court of Clinton County for further proceedings not inconsistent with this Court's decision.